Benjamin Powell (SBN 214728)
benjamin.powell@wilmerhale.com
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Attorney for Defendant
HANNAH GILES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA<br><br>    Plaintiff,<br><br> v.<br><br>JAMES O'KEEFE III, an individual HANNAH GILES, an individual, and DOES 1-20 inclusive,<br><br>    Defendants. | Case No.  CV 10-1422-L-JMA<br>Hon. M. James Lorenz<br><br>**ANSWER TO COMPLAINT** |

Defendant Hannah Giles ("Defendant") hereby answers the Complaint filed by Juan Carlos Vera ("Plaintiff") as follows:

1. Paragraph 1 is a statement of plaintiff's legal position or contentions, to which no response is necessary. To the extent that a response is required, Defendant Giles admits that there is complete diversity among the parties but denies that there is in excess of $75,000 in controversy.

2. Paragraph 2 is a statement of plaintiff's legal position or contentions, to which no response is necessary. To the extent that a response is required, Defendant Giles states that venue appears to be proper in this judicial district.

3. Defendant Giles lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 3 and on that basis, denies the allegations.

4. Defendant Giles lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis, denies the allegations.

5. The allegations set forth in paragraph 5 are admitted on Defendant Giles' information and belief.

6. Defendant Giles states that, as of the date the complaint was filed, she was a resident of the State of Florida.

7. Defendant Giles lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis, denies the allegations.

8. Defendant Giles re-states and incorporates her responses to paragraphs 1 through 7.

9. Defendant Giles lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 9 and on that basis, denies the allegations.

10. The allegations set forth in paragraph 10 are admitted.

11.     The allegations set forth in paragraph 11 are admitted.

12.     The allegations set forth in paragraph 12 are denied.

13.     The allegations set forth in paragraph 13 are denied, except that Defendant Giles admits that she and Defendant O'Keefe had a conversation with plaintiff.

14.     The allegations set forth in paragraph 14 are denied, except that Defendant Giles states that Defendant O'Keefe asked whether their conversation with plaintiff would be kept confidential and she asked whether the conversation was being recorded by plaintiff.

15.     The allegations set forth in paragraph 15 are denied, except that Defendant Giles admits that Defendant O'Keefe had videotaped employees of other ACORN offices in California and other states and that she had accompanied him on the visits to such other offices.

16.     Defendant Giles re-states and incorporates her responses to paragraphs 1 through 15.

17.     Paragraph 17 is a statement of plaintiff's legal position or contentions, to which no response is necessary.  To the extent that a response is required, Defendant Giles denies the allegations set forth in paragraph 17 for want of knowledge or information sufficient to form a belief as to the truth thereof.

18.     Paragraph 18 is a statement of plaintiff's legal position or contentions, to which no response is necessary.  To the extent that a response is required, Defendant Giles denies the allegations set forth in paragraph 18 for want of knowledge or information sufficient to form a belief as to the truth thereof.

19.     Paragraph 19 is a statement of plaintiff's legal position or contentions, to which no response is necessary.  To the extent that a response is required, Defendant Giles denies the allegations set forth in paragraph 19.

20.     Paragraph 20 is a statement of plaintiff's legal position or contentions, to which no response is necessary.  To the extent that a response is required,

1  Defendant Giles states that Section 632(a) of the California Penal Code provides,
2  "Every person who, intentionally and without the consent of all parties to a
3  confidential communication, by means of any electronic amplifying or recording
4  device, eavesdrops upon or records the confidential communication, whether the
5  communication is carried on among the parties in the presence of one another or by
6  means of a telegraph, telephone, or other device, except a radio, shall be punished
7  by a fine not exceeding two thousand five hundred dollars ($2,500), or
8  imprisonment in the county jail not exceeding one year, or in the state prison, or by
9  both that fine and imprisonment."

10      21.    Paragraph 21 is a statement of plaintiff's legal position or contentions,
11  to which no response is necessary.  To the extent that a response is required,
12  Defendant Giles states that Section 637.2 provides, "Any person who has been
13  injured by a violation of this chapter may bring an action against the person who
14  committed the violation."

15      22.    Paragraph 22 is a statement of plaintiff's legal position or contentions,
16  to which no response is necessary.  To the extent that a response is required,
17  Defendant Giles states that Section 632(c) provides, "The term 'confidential
18  communication' includes any communication carried on in circumstances as may
19  reasonably indicate that any party to the communication desires it to be confined to
20  the parties thereto, but excludes a communication made in a public gathering or in
21  any legislative, judicial, executive or administrative proceeding open to the public,
22  or in any other circumstance in which the parties to the communication may
23  reasonably expect that the communication may be overheard or recorded."

24      23.    Paragraph 23 is a statement of plaintiff's legal position or contentions,
25  to which no response is necessary.  To the extent that a response is required,
26  Defendant Giles denies the allegations set forth in paragraph 23.

27      24.    Paragraph 24 is a statement of plaintiff's legal position or contentions,
28  to which no response is necessary.  To the extent that a response is required,

Defendant Giles denies the allegations set forth in paragraph 24 for want of knowledge or information sufficient to form a belief as to the truth thereof.

25. Paragraph 25 is a statement of plaintiff's legal position or contentions, to which no response is necessary. To the extent that a response is required, Defendant Giles denies the allegations set forth in paragraph 25.

26. Paragraph 26 is a statement of plaintiff's legal position or contentions, to which no response is necessary. To the extent that a response is required, Defendant Giles denies the allegations set forth in paragraph 26.

27. The allegations set forth in paragraph 27 are denied, except that Defendant Giles states that Defendant O'Keefe recorded Plaintiff and that she was present during such recording.

28. The allegations set forth in paragraph 28 are denied.

29. The allegations set forth in paragraph 29 are denied.

## AFFIRMATIVE DEFENSES

This answering defendant presently has insufficient knowledge or information on which to form a belief as to whether there may be additional, as yet, unstated separate defenses available. This answering defendant reserves therefore the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's Complaint is barred in whole or in part by Defendant Giles's federal and state constitutional rights of free speech and freedom of the

press, including without limitation under the First Amendment of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

32. Plaintiff's damages, if any, were not caused by Defendant Giles and are not attributable to the acts or omissions of Defendant Giles.

### FOURTH AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint is barred in whole or in part by plaintiff's unclean hands.

### PRAYER

WHEREFORE Defendant prays that:

Plaintiff takes nothing by reason of the Complaint, and that the Court enter judgment in favor of Defendant;

Defendant be awarded the costs incurred in the defense of this suit; and

Defendant be awarded such other and further relief as this Court deems just and proper.

Dated: December 17, 2010          Respectfully submitted,
                                  WILMER CUTLER PICKERING HALE &
                                  DORR LLP


                                  By /s/ Benjamin Powell
                                     Attorney for Defendant HANNAH GILES
                                     Email: benjamin.powell@wilmerhale.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December, 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Eugene G Iredale
Law Office of Eugene G Iredale
105 West F Street
4th Floor
San Diego, CA 92101-6036
Attorney for Plaintiff Juan Carlos Vera

Eric A. Gressler
Orrick Herrington & Sutcliffe LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Attorney for Defendant James O'Keefe, III

Michael J. Madigan
Orrick, Herrington & Sutcliffe, LLP
1152 15th Street, NW
Washington, DC 20005
(202) 339-8523
Attorney for Defendant James O'Keefe, III

Christopher J. Hajec
Michael E. Rosman
Center for Individual Rights
1233 20th Street, NW
Suite 300
Washington, DC 20036
Attorneys for Defendant James O'Keefe, III

1
2          /s/ Benjamin Powell
3          Attorney for Defendant HANNAH GILES
           Email:  benjamin.powell@wilmerhale.com
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. CV 10-1422-L-JMA                                          ANSWER TO COMPLAINT