Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
LAW OFFICES OF EUGENE G. IREDALE
105 West "F" Street, Fourt Floor
San Diego, California 92101-6036
Telephone:    619.233.1525
Facsimile:    619.233.3221

Attorneys for plaintiff, Juan Carlos Vera

# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20 inclusive, <br><br> Defendants. | Case No.   10-cv-01422-L-JMA <br><br> PLAINTIFF'S OPPOSITION TO DEFENDANT HANNAH GILES' MOTION TO DISMISS |

COMES NOW Plaintiff, JUAN CARLOS VERA, by and through his attorneys of record, Eugene G. Iredale and Julia Yoo, and submits this Opposition to the Defendant HANNAH GILES' Motion to Dismiss and states the following:

## FACTS

Hannah Giles dressed up as a prostitute and secretly recorded a conversation with Juan Carlos Vera. She then provided a doctored videotape to a website which made the video available to anyone in the world with a computer. Hannah Giles then bragged on Fox News that the entire scenario of dressing up as a prostitute (with James O'Keefe as the "pimp") to go to ACORN offices was her idea, one she thought of while jogging.[1]

---

[1] The transcript of Hannah Giles' interview is available on line at "'Pimp', 'Prostitute' on Undercover ACORN Video". *Fox News*. 2009-09-14 http://www.foxnews.com/story/0,2933,549962,00.html.

Defendant Giles now argues that only O'Keefe may be held liable because Mr. Vera did not specifically allege that she was holding the recording device. This is despite the fact that Defendant Giles is the one who texted O'Keefe and suggested targeting people like Mr. Vera.

What Mr. Vera alleged against Defendant Giles in the Complaint is the following:

On August 18, 2009, at approximately 5:00 p.m., Defendants O'Keefe and Giles visited the ACORN office in National City, California. Compl. ¶10. O'Keefe was wearing a hidden camera and recorded audio and video of the visit. Compl. ¶11. Defendants O'Keefe and Giles conspired to secretly videotape and audiotape Mr. Vera. Compl. ¶12. Defendants went into Mr. Vera's office, sat down, and began a conversation. Compl. ¶13. O'Keefe and Giles asked whether the conversation would be kept confidential and Mr. Vera agreed. Compl. ¶14. By this time, Defendants O'Keefe and Giles had already secretly videotaped employees of other ACORN offices in California and other states. Compl. ¶15.

Defendants secretly recorded Plaintiff Mr. Vera who had a reasonable expectation of privacy. Compl. ¶27. Defendants edited the video and audio of Mr. Vera and released the tape on the Internet. Compl. ¶28. As a result, Plaintiff suffered harm in the amount to be proven at trial. Compl. ¶29.

## LEGAL STANDARD

A Rule 12(c) motion is the functional equivalent of a 12(b)(6) motion, and is therefore decided according to the same principles as a 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998). "It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) quoting 5 C. Wright & A. Miller, *Federal Practice & Procedure*, Civil § 1357, at 598 (1969).

Rule 8 requires a "short and plain statement" of the claim that is sufficient to demonstrate that the pleader is entitled to relief and to give the defendant notice of the claim against her. The court's inquiry is directed to whether the allegations set forth in the complaint, if true, are

sufficient to state a claim within the meaning of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) provides that the complaint need only set out a generalized statement of facts from which defendants will be able to frame a responsive pleading.

A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt, and to a certainty, that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924 (9th Cir. 1994); *Fidelity Financial Bank of San Francisco*, 792 F2d 432 (9th Cir. 1980); *N.L. Industries, Inc. V. Kaplan*, 792 F2d 896 (9th Cir. 1986).

## ARGUMENT

### 1. The Complaint has Sufficiently Stated a Claim against Defendant Giles.

Plaintiff has alleged in the complaint that Hannah Giles 1) visited the ACORN office in National City, California; 2) went into Mr. Vera's office, sat down, and began a conversation; 3) asked whether the conversation would be kept confidential and Mr. Vera agreed; 4) had already secretly videotaped employees of other ACORN offices in California and other states; 5) secretly recorded Mr. Vera who had a reasonable expectation of privacy; and 6) edited the video and audio of Mr. Vera and released the tape on the Internet.  Dismissal is appropriate when "one cannot determine from the complaint  who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1205 (C.D. Cal. 2004)(quoting *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996)).  The complaint is replete with facts against Defendant Giles that she personally participated in the secret recording of Mr. Vera.  Mr. Vera is not required to allege that Giles' body was wired with a device.  On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889 (1990).

### 2. Defendant Giles "recorded" Mr. Vera.

Defendant Giles' assertion that the "Complaint itself makes clear that only O'Keefe, not Giles, actually carried out the recording of the communication" is in error.  The definition of "record" is:

      1 : to set down in writing
      2: to give evidence of
      3: to cause (as sound, visual images, or data) to be registered on something (as a disc or magnetic tape) in reproducible form.  See Merriam-Webster Dictionary.

Giles consistently argues that "familiar principles of statutory construction" requires reading plain text and structure.  By her own admission, Giles "caused" Mr. Vera to be recorded on video.  It was her idea to tape Mr. Vera and she orchestrated the recording.  Plain reading of the word "record" leaves no question that Defendant Giles engaged in causing Mr. Vera's sound and visual image to be registered.

**3. Under California Law, Defendant Giles Committed a Violation of Penal Code § 632.**

The Invasion of Privacy Act makes it a crime under the California Penal Code to record a confidential conversation.  Penal Code § 632 states in part:

> (a) Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.
>
> (b) The term "person" includes an individual, business association, partnership, corporation, limited liability company, or other legal entity, and an individual acting or purporting to act for or on behalf of any government or subdivision thereof, whether federal, state, or local, but excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication.
>
> (c) The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other

circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

It is the violation of the Penal Code that makes the conduct civilly actionable as well. The criminal violation of secretly recording Mr. Vera is coextensive with the civil cause of action.[2]   Penal Code § 637.2 states:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts: (1) Five thousand dollars ($5,000). (2) Three times the amount of actual damages, if any, sustained by the plaintiff.
>
> (b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).
>
> (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

Defendant Giles argues that PC § 632 is limited in scope but there is nothing in the California Penal Code that supports this position. California defines "principals" of a crime in Penal Code §31, which states:

> All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, **or aid and abet in its commission**, or, not being present, **have advised and encouraged its commission**, and all persons counseling, advising, or encouraging children under the age of fourteen years, or persons who are mentally incapacitated, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, **are principals in any crime so committed**. (Emphasis added)

---

[2] Giles and O'Keefe were granted immunity from criminal prosecution in exchange for their agreement to answer questions in the California Attorney General's investigation.  The report of then Attorney General Brown concluded, "as a result, we did not determine, if they violated California's Invasion of Privacy Act when they recorded the ACORN employees.  If the circumstances meet the requirements of the Act, the ACORN employees may be able to bring a private suit against O'Keefe and Giles for recording a confidential conversation without consent."

5

The only requirement in California for a criminal defendant to be convicted of a conspiracy under PC § 182 (a) (1) is that "two or more persons conspire[d] to commit any crime." PC § 182 provides that the co-conspirator " shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony." There is no exclusion to the applicability of Penal Code § 182 or § 31 with respect to Penal Code § 632. Thus even those individuals who assisted O'Keefe or aided and abetted him who were not present while Mr. Vera was being recorded are guilty of the crime of violating Penal Code § 632 in California.

Defendant Giles points out quite correctly that "the statute cannot mean one thing as a criminal provision and something quite different in setting civil liability." (Giles P&A p. 8. ll. 8-9) Defendant Giles' civil liability rises out of the criminal statute. The plain reading of the California Penal Code shows that Defendant Giles is guilty of eavesdropping, illegally recording, aiding and abetting and conspiracy. Defendant Giles committed a series of crimes not only against Mr. Vera, but against the penal statutes of the state, and must face the civil penalties for those crimes as provided by Penal Code § 637.2.

**4. The First Amendment Does Not Allow Journalists to Commit Crimes or Torts.**

In a case Giles relies on, *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505 (4th Cir. 1999), the Fourth Circuit found that the reporters committed trespass when they went into the plaintiff's property to videotape the facility. In sustaining the jury's trespass verdict, the Fourth Circuit did not change its analysis because the defendants were employed by ABC News. Food Lion, the plaintiff in that case, gave consent to the reporters who pretended to become employees in order to be on the premises. The Court found that the consent was nullified when the reporters tortiously breached their duty of loyalty to Food Lion. The reporters "went into areas of the stores that were not open to the public and secretly videotaped, an act that was directly adverse to the interests of their second employer, Food Lion. Thus, they breached the duty of loyalty, thereby committing a wrongful act in abuse of their authority to be on Food Lion's property." *Id* at 519.

///

///

Defendant Giles quotes from *Food Lion* that "there are First Amendment interests in newsgathering." She curiously omits the immediately succeeding sentence which states, "However, the Supreme Court has said in no uncertain terms that 'generally applicable laws do not offend the First Amendment simply because their enforcement against the press has incidental effects on its ability to gather and report the news.'" *Id*, quoting from *Cohen v. Cowles Media Co.*, 501 U.S. 663, 669 (1991). Defendant also omits the *Food Lion* court's analysis of the First Amendment that follows. The Supreme Court has found that the press "has no special immunity from the application of general laws" and that the enforcement of general laws against the press "is not subject to stricter scrutiny than would be applied to enforcement against other persons or organizations." 501 U.S. at 670 quoting *Associated Press v. NLRB* 301 U.S. 103, 132 (1937).

### 5. Giles' Motion is Premature.

The parties in this case have not taken any discovery. Mr. Vera did not allege in the Complaint that Defendant Giles was wearing or operating a recording device because he has not been able to obtain any discovery from Defendant Giles. Plaintiff reserves the right to amend his complaint as he obtains discovery from the defendants and third party sources.

Respectfully submitted,

Dated: March 9, 2011      /s/   Eugene G. Iredale
                          EUGENE G. IREDALE
                          JULIA YOO
                          Attorneys for Plaintiff JUAN CARLOS VERA

7