UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, | ) Civil No. 10cv1422 L (MDD) |
| Plaintiff, | ) **ORDER DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS** |
| v. | ) **[doc. nos. 16,** 22] |
| JAMES O'KEEFE III and HANNAH GILES, | ) |
| Defendants. | ) |

Juan Carlos Vera filed this civil action on July 8, 2010, alleging defendants James O'Keefe, III and Hanna Giles violated California Penal Code §632. Both defendants filed answers and have now filed separate motions for judgment on the pleadings that have been fully briefed. Oral argument was held on April 28, 2011. For the reasons set forth below, defendants' motions will be denied.

**1.    Background**

Plaintiff was employed by ACORN (Association of Community Organizations for Reform Now), in its National City, California office. On August 18, 2009, defendants O'Keefe and Giles visited the ACORN office. In his complaint, plaintiff alleges that O'Keefe and Giles conspired to secretly video and audio tape Vera at the ACORN office. O'Keefe and Giles are alleged to have asked Vera if their conversation would be confidential and Vera indicated that it would be.

The sole cause of action alleged against both defendants is violation of California

Invasion of Privacy Act, Penal Code § 632 (emphasis added), eavesdropping on or recording confidential communications:

> (a) **Every person who, intentionally and without the consent of all parties to a confidential communication**, by means of any electronic amplifying or recording device, eavesdrops upon or **records the confidential communication**, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment. If the person has previously been convicted of a violation of this section or Section 631, 632.5, 632.6, 632.7, or 636, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.
>
> . . .
>
> (c) **The term "confidential communication" includes any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto**, but excludes a communication made in a public gathering or in any legislative, judicial, executive or administrative proceeding open to the public, or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

California Penal Code § 637.2 provides for a civil action when a person has been injured because of a violation of § 632:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for the greater of the following amounts:
>
>> (1) Five thousand dollars ($5,000).
>> (2) Three times the amount of actual damages, if any, sustained by the plaintiff.
>
> . . .
>
> (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages.

"An actionable violation of section 632 occurs the moment the surreptitious recording is made, whether it is disclosed or not." *Lieberman v. KCOP Television, Inc.*, 110 Cal. App.4th 156, 166 (Cal. Ct. App. 2003) (citing *Friddle v. Epstein,* 16 Cal. App. 4th 1649, 1660-1661 (1993).

**2.    Legal Standard for Motions for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for

judgment on the pleadings must be evaluated under the same standard applicable to motions to dismiss brought under Rule 12(b)(6). *See Enron Oil & Trans. Co. v. Walbrook Ins. Co.*, Ltd., 132 F.3d 526, 529 (9th Cir.1997). Thus, the standard articulated in *Ashcroft v. Iqbal* 129 S. Ct 1937, 1949 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) applies to a motion for judgment on the pleadings. *Lowden v. T-Mobile USA, Inc.*, 378 Fed. Appx. 693, 2010 WL 1841891 at *1 (9th Cir., May 10, 2010) ("To survive a Federal Rule of Civil Procedure 12(c) motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 544)). When deciding a motion for judgment on the pleadings, the Court assumes the allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

**3.      Defendant Giles's Motion for Judgment on the Pleadings**

In seeking judgment on the pleadings, defendant Giles contends that because the complaint alleges that "O'Keefe was wearing a hidden camera and recorded audio and video of the visit," she cannot be liable under § 632. Giles asserts that liability for § 632 is limited to the person who physically carries out the recording of the confidential communication and merely encouraging or going along with the recording or later using or disclosing the recorded confidential communication does not impose liability.

Similarly, Giles contends that even if plaintiff has stated a claim for violation of § 632 again her, § 637.2 only provides a right to recover damages against O'Keefe because he is the "person who committed the violation" by making the recording. Thus, Giles contends "[s]ection 632 only punishes the "person who . . . *records* . . . the confidential communication." (Memo ISO Giles's Motion at 7.)[1]

---

[1]     Defendant Giles does not challenge the sufficiency of plaintiff's pleading or that the recorded conversation was confidential. (Reply at 3, n.2.)  "Penal Code section 632 protects only *confidential* communications, and "a conversation is confidential under section 632 if a

Vera argues, however, that under California law, criminal liability is coextensive with civil liability. As a result, California Penal Code § 31, which defines "principals", is applicable to § 632:

> All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, **or aid and abet in its commission**, or not being present, **have advised and encouraged its commission, . . . are principals in any crime so committed.**

CAL. PENAL CODE § 31 (emphasis added.)

Acknowledging that "aiding and abetting and conspiracy liability represent [ ] baseline principles of criminal legal responsibility under California law," Giles nevertheless asserts that the test and structure of § 632 reflects the intent to preclude actions against persons who assist in the recording of a confidential conversation but who do not carry out the recording with an electronic device. Giles cites the express inclusion of aiding and abetting and conspiracy liability in a companion section of the California Invasion of Privacy Act governing wiretapping offenses, Penal Code § 631.[2] (Reply at 3.)

Although California may enact a particular statute or define a particular cause of action to preclude or include aider and abettor and conspirator liability, there is no exclusion to the applicability of Penal Code § 31 with respect to Penal Code § 632. Accordingly, the Court finds

---

party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal.4th 766, 777 (2002).

[2] Penal Code § 631(a) provides:
Any person who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, **or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section**, is punishable . . . .

1 that plaintiff has stated a claim against Giles as a principal in violating Penal Code § 632 and
2 allowing for recovery of damages under § 637.2.

3 The Court further agrees with plaintiff that a plain reading of the language of the statute is
4 broader than defendant contends. To record a confidential communication can mean, in the
5 ordinary sense of the term, to cause a confidential communication to be recorded. Vera bases this
6 construction on dictionary definitions.

7 In discussing statutory construction of penal statutes, the California Supreme Court
8 provided:

> [W]hen construing statutes, our goal is 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' *City of Santa Monica v. Gonzalez,* 43 Cal.4th 905, 919 (2008). "We first examine the words of the statute, 'giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent.'" *Id.* 'If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary.' " *People v. Traylor* (2009) 46 Cal.4th 1205, 1212.

*People v. Albillar*, 51 Cal. 4th 47, 55 (2010)

Similarly, the Ninth Circuit has stated that "[w]hen construing a word, we generally construe the term in accordance with its 'ordinary, contemporary, common meaning.'" *U.S. v. Millis*, 621 F.3d 914 (9th Cir. 2010) (quoting *Cleveland v. City of L.A.*, 420 F.3d 981, 989 (9th Cir. 2005). Dictionary definitions may be considered in construing terms. *See id.*; *see also Mac's Shell Serv., Inc. v. Shell Oil Prods. Co.*, 130 S. Ct. 1251, 1257 (2010) (using dictionary definitions to inform statutory construction of words).

The plain language of § 632 is directed to the surreptitious recording of confidential communications and not the manner or method of recording the conversation. Given the ordinary meaning of the term "record", Giles's alleged participation with co-defendant O'Keefe in the recording of the conversation with plaintiff is sufficient for liability under § 632 and for obtaining damages under § 637.2.

Giles also argues that if the Court finds that the language of the statute is ambiguous, which she contends it is not, the ambiguity must be resolved in her favor based on the rule of lenity. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the

defendants subjected to them." *U.S. v. Carona*, 630 F.3d 917, 927-28 (2011).; *see also United States v. Nader*, 542 F.3d 713, 721 (9th Cir. 2008). But the rule of lenity only applies where "there is a grievous ambiguity or uncertainty in the language and structure of the [statute], such that even after a court has seize[d] every thing from which aid can be derived, it is still left with an ambiguous statute." *United States v. Devorkin*, 159 F.3d 465, 469 (9th Cir. 1998) (second alteration in original) (internal quotation marks omitted). In other words, the rule of lenity requires that "no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Nader*, 542 F.3d at 721.

The California Court of Appeals has addressed ambiguous penal statutes this way:

> The rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, *i.e.*, that resolution of the statute's ambiguities in a convincing manner is impracticable.

*People v. Morrison*, 191 Cal. App.4th 1551, 1556 (2011).

Here, Giles has at most shown that a narrower interpretation of § 632 is conceivable, but that is insufficient to establish ambiguity. *See Smith v. United States*, 508 U.S. 223, 239 (1993) ("The mere possibility of articulating a narrower construction . . . does not by itself make the rule of lenity applicable."). "[D]isputed words or phrases in criminal laws have in many instances been interpreted broadly, defeating defendants' claims." *United States v. Otherson*, 637 F.2d 1276, 1285(9th Cir. 1980) (citing *Huddleston v. United States*, 415 U.S. 814(1974)).

The phrase "records the confidential communication," in § 632 does not contain a "grievous ambiguity or uncertainty" that would make it unreasonable to apply it to defendant Giles who is alleged to have, at a minimum, intended for a surreptitious recording of confidential information to occur in her presence or participated in the recording of confidential information. "Because the meaning of language is inherently contextual, we have declined to deem a statute ambiguous for purposes of lenity merely because it was possible to articulate a construction more narrow than that urged by the government." *United States v. Alfeche*, 942 F.2d 697, 699 (9th Cir.1991) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)).

Finally, Giles argues that compelling First Amendment interests weigh in favor of

resolving any ambiguity in favor of a narrower construction. But § 632 does not contain an express exception for media, journalists, or other First Amendment protected news-gathering activities. California's law is quite clear that persons who engage in news gathering are not permitted to violate criminal laws in the process. *Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 239 (1998). There is no compelling reason to narrowly construe § 632 in this case.

Penal Code § 31 is applicable to § 632 which allows for Giles to be viewed as a principal whether or not she actually physically recorded the confidential conversation. The plain language of the statute does not limit liability to the person who has physically recorded a confidential conversation. The statute is not ambiguous and there is no basis for construing the statute as narrowly as defendant Giles seeks. Plaintiff has stated a claim under § 632; therefore, defendant Giles's motion for judgment on the pleadings will be denied.

**4.    Defendant O'Keefe's Motion for Judgment on the Pleadings**

Defendant O'Keefe challenges the constitutionality of § 632, a statute of general applicability. *Shulman*, 18 Cal.4th at 239. He contends that on its face, the statute is an overbroad restriction on the First Amendment.

A party can succeed in a facial challenge by "establish[ing] that no set of circumstances exists under which the Act would be valid," *i.e.*, that the law is unconstitutional in all of its applications. *Washington State Grange v. Washington State Republican*, 552 U.S. 442, 449 (2008)(quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). A facial challenge fails where the statute has a "plainly legitimate sweep." *Washington v. Glucksberg*, 521 U.S. 702, 739-740, and n. 7 (1997) (Stevens, J., concurring in judgment). The United States Supreme Court recognizes a second type of facial challenge in the First Amendment context under which a law may be overturned as impermissibly overbroad because a "substantial number" of its applications are unconstitutional, "'judged in relation to the statute's plainly legitimate sweep.'" *Washington State Grange*, 552 U.S. at n.6 (quoting *New York v. Ferber*, 458 U.S. 747, 769-771 (1982) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973)). Courts do not apply the "strong medicine" of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law. *See New York State Club Assn., Inc. v. City of New*

*York*, 487 U.S. 1, 14 (1988).

Penal Code § 630 sets forth the intent for the California Invasion of Privacy Act provisions:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.
> The Legislature by this chapter intends to protect the right of privacy of the people of this state.

As noted above, Penal Code § 632 prohibits the intentional, nonconsensual recording of confidential communication. In *Flanagan v. Flanagan,* the California Supreme Court discussed the contours of the phrase "confidential communications" as used in § 632 and held that "a conversation is confidential under section 632 if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard or recorded." 27 Cal.4th 766, 777 (2002).

O'Keefe points to three areas of conduct that he contends are both protected by the First Amendment and criminalized by § 632 which makes the statute overbroad on its face: 1. the recording of "confidential communications" made by public officials to members of the public, such as in police traffic stops; 2. the use of audio recording in intimate family settings and in popular entertainment; and 3. the production of a recognized genre of exposé journalism. (Mtn ISO at 3.) In these three examples, defendant contends that "§ 632 menaces those who engage in constitutionally protected activity with harsh criminal penalties." (*Id.* at 2.)

In each example he provides, defendant focuses on the act of recording situations where there is no intent to invade privacy but the recording would nevertheless violate § 632. For instance, at oral argument, counsel stated:

> [O]rdinary citizens may want to record what a police officer says to them at a traffic stop. Their doing so wouldn't violate any legitimate government interest in protecting the policy officer's privacy at the traffic stop, but it would violate Section 632, and it is the same for all the other areas discussed in our brief.

(RT[3] at 10.)

But clearly it is not a violation of § 632 for the mere audio or video recording of an event or interaction. Instead, there must also be "an objectively reasonable expectation that the conversation is not being overheard or recorded." *Flanigan*, 27 Cal.4th at 777. Also, § 632 provides certain express exceptions for public proceedings; legislative, judicial, executive or administrative proceedings open to the public, or other circumstances "in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." PENAL CODE § 632(c). By providing an objective reasonableness standard regarding confidential communications, § 632 is not overbroad and does not run afoul of the First Amendment.

This is true even in the context of exposé news gathering of which defendant O'Keefe is a part.[4] Defendant acknowledges that "those engaged in gathering information for later distribution are not permitted to violate 'valid' tort or criminal laws in the process (of newsgathering), but a tort cause of action or criminal law is not 'valid' unless it properly protects a legitimate state interest." (Mtn. ISO at 15.)

Defendant relies on *Medical Laboratory Management Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 813-819 (9th Cir. 2002), where a medical lab owner's conversation with undercover network representatives was found to not be an invasion of privacy because the owner invited the people in and gave them a tour. Significantly, the *Medical Laboratory* decision was made under Arizona law, and not under California's privacy statute, § 632. *Id.* at 815 "We conclude that the Arizona Supreme Court would not recognize as broad an interest in limited privacy as the California Supreme Court has done." *Id.*

A California case that is based on § 632 is *Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200 (1998). In *Shulman*, plaintiff was seriously injured in an automobile accident. A nurse tape recorded the conversation she was having with the plaintiff both at the accident scene

---

[3] Reporter's Transcript of Proceedings shall be indicated as RT.

[4] Plaintiff argues that no significant First Amendment interests are implicated here because a violation of the statute does not require publication or communication of the surreptitiously recorded confidential conversation.

and during her helicopter transport to the hospital. A cameraman was at the scene and videotaped the aftermath of the accident. Later, the videotape and the audiotape recordings were played on the news stations. Plaintiff sued a television producer and others alleging torts of publication of private facts and intrusion.

The *Shulman* Court found that the cameraman's presence at and filming of the scene of the accident was not an intrusion of plaintiff's seclusion. But the Court went on to state that plaintiff was entitled to a degree of privacy in her conversations with the nurse and other medical rescuers and by recording what plaintiff said and heard, defendants may have listened in on conversations the parties could reasonably have expected to be private. *Id.* at 237-38.

In addressing constitutional protection for newsgathers, the *Shulman* Court noted that "the press in its newsgathering activities enjoys no immunity or exemption from generally applicable laws." *Id.* at 238 (citing *Cohen v. Cowles Media Co.,* 501 U.S. 663, 669-670 (1991)). Because § 632 is a law of general applicability, it is applicable to "all private investigative activity, whatever its purpose and whoever the investigator, and impose no greater restrictions on the media than on anyone else." *Id.* at 239.

In concluding that § 632 did not infringe on the constitutional rights of the press, the *Shulman* Court asserted:

> [N]o constitutional precedent or principle of which we are aware gives a reporter general license to intrude in an objectively offensive manner into private places, conversations or matters merely because the reporter thinks he or she may thereby find something that will warrant publication or broadcast. . . . In short, the state may not intrude into the proper sphere of the news media to dictate what they should publish and broadcast, but neither may the media play tyrant to the people by unlawfully spying on them in the name of newsgathering.

*Id.* at 242.

This Court finds the *Shulman* analysis apt. Given the requirement of a "confidential communication" in § 632, and that the California Supreme Court has defined that phrase as a party to the conversation having "an objectively reasonable expectation that the conversation is not being overheard or recorded," *Flanigan*, 27 Cal.4th at 777, § 632 is not an overbroad intrusion on exposé newsgathering in which O'Keefe participates.

/ / /

**5.     Conclusion**

Based on the foregoing, **IT IS ORDERED** denying defendant Giles's motion for judgment on the pleadings. **IT IS FURTHER ORDERED** denying defendant O'Keefe's motion for judgment on the pleadings.

**IT IS SO ORDERED.**

DATED: May 23, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL