Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
IREDALE and YOO, APC
105 West F Street, Fourth Floor
San Diego, California 92101-6036
Telephone:    619.233.1525
Facsimile:    619.233.3221

Attorneys for plaintiff, Juan Carlos Vera

# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20 inclusive, <br><br> Defendants. | Case No.   10-cv-01422-L-JMA <br><br> JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE |

## I.
## BACKGROUND

Plaintiff served on both Defendants Requests for Production of Documents, interrogatories, and Requests for Admission. Defendants refused to answer the following discovery requests.

## II.
## ENUMERATED REQUESTS FOR DOCUMENTS AND RESPONSES

A. Propounded to Defendant O'Keefe

**INTERROGATORY NO. 4:**

State and list all media you have created, compiled, constructed or edited that has been published. Include the title and type of media published, the date it was published and the name of the publication.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant O'Keefe objects to this interrogatory on the ground that it is overbroad, burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The term "media" is defined to include anything intended to convey communication, and the term "published" is defined ambiguously so as to include perhaps any written or oral communication at all. James O'Keefe has created very large amounts of published media in his life, and listing all of them would be an unreasonable burden on him. Furthermore, the issues in this case all concern the circumstances under which plaintiff was recorded on August 18, 2009, particularly whether he had a reasonable expectation of privacy when so recorded, and any damages he may have suffered as a reasonably foreseeable consequence of such recording. There is no reason to believe that media O'Keefe created at other times or on other subjects is relevant in the least, or will lead to other evidence that is relevant, to any of these issues.

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

Plaintiff narrowed this interrogatory to media published by O'Keefe related to the nonconsual taping or recording of others. As limited, this interrogatory is clearly appropriate, as this case concerns the noncensensual recording of Plaintiff by O'Keefe in violation of California law. A defendant's background information is relevant and subject to discovery. This is especially so since defendant holds himself out as a journalist and claims that he was engaging in "investigative journalism" when he secretly taped Mr. Vera. O'Keefe has asserted that his actions were protected by the First Amendment because he was acting as a journalist.

**BASIS FOR NONDISCLOSURE:**

Not every portion of a defendant's background is relevant and subject to discovery. Nor is whether defendant O'Keefe qualifies as a "real journalist" a point that bears any apparent relation to the issues in the case, and plaintiff does not explain how it does. In any event, plaintiff has not limited the vague and broad reach of "media" and "published."

**INTERROGATORY NO. 7:**

List all expenses incurred as a result of your interviews and recordings of *all* ACORN employees throughout the United States, including, but not limited to, travel expenses, airfare, costs of hotel and lodging, equipment and costume costs, car rental fees, and food and other incidentals expenses. List all expenses, regardless of who paid for each expense.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant O'Keefe objects to this interrogatory on the ground that it is overbroad, burdensome, seeks information not calculated to lead to the discovery of admissible evidence, and may call for self-incrimination. There is no reason to believe that how much it cost to make videos involving ACORN has any relevance to the issues in this case or will lead to any relevant evidence.

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

Plaintiff has a right to discover who provided financial assistance and participated in the actions alleged in the complaint and to uncover evidence of the expenditures of multiple other nonconsensual tapings of ACORN employees, of which the incident in this case was one in a series.

**BASIS FOR NONDISCLOSURE:**

Defendant O'Keefe, in responding to plaintiff's Interrogatory No. 9, already has disclosed who paid for making all of the ACORN videos: he and defendant Giles (and one other person, subsequently identified for plaintiff by name, who contributed $50 for gas in connection with a video made in another state). To the extent plaintiff's proffered reason justifies any disclosure at all, it justifies that disclosure already given, not the manifestly-burdensome disclosure of every expense, including the most minor, made two years ago in connection with these videos. Plaintiff offers no reason to justify his *ipse dixit* assertion that he is entitled to uncover "the expenditures of multiple other nonconsensual tapings."

**INTERROGATORY NO. 10:**

List any and all payments received from Andrew Breitbart, his representative or agent, or from any entity controlled by him. Include the date the payment was received and the amount of the payment.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant O'Keefe objects to this interrogatory on the ground that it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence in that the interrogatory is not limited to payments related to plaintiff's and defendants' encounter. There is no reason to believe that payments, if any, defendant O'Keefe may have received from Andrew Breitbart for other reasons have any relevance to the issues in this case or will lead to any relevant evidence.

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

Andrew Breitbart is the owner of the website which broadcast O'Keefe's illegally recorded interaction with Plaintiff. Breitbart was involved in the massive dissemination of the illegally recorded videotape and in coordinating a publicity blitz, among other things, the tape O'Keefe illegally made of Mr. Vera. The inquiry is clearly proper.

**BASIS FOR NONDISCLOSURE:**

Even if plaintiff has a right to discover who funded defendants' videos made in ACORN offices, defendant O'Keefe already has provided that information, and plaintiff fails to explain why any payments defendant O'Keefe received from Mr. Breitbart for other purposes are relevant to any issue in this case.

**INTERROGATORY NO. 13:**

State when you first discovered that Plaintiff reported the details of your conversation with him to any law enforcement officer(s).

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant O'Keefe objects to this interrogatory on the ground that it is vague and seeks

3

1  information not calculated to lead to the discovery of admissible evidence. It is not clear what the word "discovered" means in this context. Certainly, defendant O'Keefe lacks personal
2  knowledge of the matter alleged in this interrogatory and thus cannot attest to its accuracy. And there is no reason to believe that whether or when defendant O'Keefe "discovered" that plaintiff
3  did what the interrogatory alleges has any relevance to the issues in this case or will lead to any relevant evidence.
4
   **REASON WHY THE ANSWER SHOULD BE PROVIDED:**
5
   This issue goes to the Plaintiff's allegation that defendants released private and
6  misleading information regarding Mr. Vera to the public. As to O'Keefe's assertion that the term "discover" is vague and ambiguous, plaintiff defines the word as " to obtain sight or knowledge
7  of for the first time" or "find out." (Merriam-Webster Dictionary) O'Keefe's refusal to answer on this ground is frivolous.
8
   **BASIS FOR NONDISCLOSURE:**
9
   Plaintiff makes no allegation in his complaint that defendants released private and
10 misleading information about plaintiff to the public. As to the vagueness of the word "discovered," dictionary definitions that merely provide synonyms do not remove it. Certainly
11 defendant O'Keefe never saw or gained firsthand knowledge of what the interrogatory alleges, and thus has not "discovered" it in one of the many senses of that word.
12

13

14 **REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

15 Please produce any and all unedited and unredacted video and audio recordings of your conversations with any and all Association of Community Organizations for Reform Now
16 (ACORN) employees.

17 **RESPONSE REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

18 Defendant O'Keefe objects to this request on the ground that it is overbroad, seeks information not calculated to lead to the discovery of admissible evidence, and may call for self-
19 incrimination. There is no reason to believe that such recordings, other than those attached hereto in response to plaintiff's Request for Production of Documents No. 1, have any relevance to the
20 issues in this case or will lead to any relevant evidence.

21 **REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

22 Defendants's other secret recordings are relevant and subject to discovery. The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees
23 across the country. The planning and execution of these recordings are relevant to the allegations in this action. Plaintiff wishes to show that O'Keefe illegally recorded ACORN employees,
24 including Plaintiff and then engaged in selective and misleading editing of the tapes, followed by the publication of these selectively edited videos designed to harm Plaintiff's and others'
25 reputations. These tapes will, he believes, show a pattern of such impropriety.

26 **BASIS FOR NONDISCLOSURE:**

27 Defendant O'Keefe already has produced the unedited version of the instant video, from which the amount and nature of the editing of the version posted online can be exhaustively seen.
28

4

The introduction of other videos not the subject of this litigation, in both edited and unedited form, would widen the scope of this case greatly, necessitate a lengthy series of minitrials about whether the editing of them was "misleading," and be wholly unnecessary to shed any light on exactly how the posted video in the instant case was edited.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Please produce any and all unedited and unredacted video and audio recordings taken in preparation for, or in conjunction with, your conversations with any and all ACORN employees.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

Defendant O'Keefe objects to this request on the ground that the phrase "taken in preparation for" is vague and ambiguous, and the request thus lacks the "reasonable particularity" required by Fed. R. Civ. P. 34(b)(1)(A). Furthermore, to the extent the request calls for documents beyond those sought in Request No. 1, it is overbroad and seeks information not calculated to lead to the discovery of admissible evidence. There is no reason to believe that any such recordings have any relevance to the issues in this case or will lead to any relevant evidence.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

Defendants's other secret recordings are relevant and subject to discovery. The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees across the country. The planning and execution of these recordings are relevant to the allegations in this action. The request for production is reasonably specific and clear.

**BASIS FOR NONDISCLOSURE:**

Plaintiff fails to show relevance with the mere statement that the instant video was "part of a larger scheme." Any larger scheme is irrelevant to whether defendant O'Keefe violated California Penal Code Section 632 as alleged in the complaint; nor does plaintiff explain how it is relevant to damages.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between you and co-defendant Hannah Giles between January 1, 2009 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

Defendant O'Keefe objects to this request on the grounds that it is overbroad, burdensome, an invasion of privacy, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Defendants are friends and have corresponded a great deal on many subjects.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

the exchange of information, coordination of, activities and relationship between the two defendants is a proper subject for discovery.

**BASIS FOR NONDISCLOSURE:**

After plaintiff offered to limit this request to the still-overbroad subject matter of ACORN recordings, defendant O'Keefe offered to produce this correspondence with the limitation that it concern plaintiff or the video involving plaintiff. Correspondence on subjects beyond the latter limitation does not pertain to whether defendant O'Keefe violated California Penal Code Section 632.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between you and Andrew Breitbart or any employee, agent, or representative of Andrew Breitbart at any time.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

Defendant O'Keefe objects to this request on the grounds that it is overbroad and seeks information not reasonably calculated to lead to the discovery of admissible evidence because there is no subject matter or time limitation in the request.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

Plaintiff has a right to discover the identity of those who participated in the recording and/or preparation for the recording of Mr. Vera. He has the right to discover the extent of the involvement of other people who assisted the defendants before, during and after the secret recordings were made.

**BASIS FOR NONDISCLOSURE:**

Even if plaintiff's proffered reason, that he is entitled to know who "participated in the recording and/or preparation for the recording" of plaintiff, justified disclosure of that information, plaintiff does not explain how, by itself, it justifies his request for all of defendant O'Keefe's correspondence, on any subject, with the particular individual he names. And not only does plaintiff justify a request other than the one he made here, but the information in answer to that other, more limited request has been provided. In his answer to Interrogatory No. 8, defendant O'Keefe has stated that the only person he communicated with regarding the formation, development, strategy, or funding of the plan to interview and record plaintiff was defendant Giles; in that response he also states that he communicated in these ways about ACORN videos generally only with a list of people none of whom is Andrew Breitbart. In the reason proffered, plaintiff gives no reason why defendant O'Keefe's correspondence with Mr. Breitbart, especially on subjects having nothing to with ACORN videos, let alone the video in this case, is relevant to any issue in this case.

///

///

///

6

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received by you regarding your efforts to record and the actual recording of conversations with ACORN employees between January 1, 2009 to December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

Defendant O'Keefe objects to this request on the grounds that it is overbroad, burdensome, and seeks information not calculated to lead to the discovery of admissible evidence. Recordings of ACORN employees other than plaintiffs have no relevance to this case.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

Defendants's other secret recordings are relevant and subject to discovery. The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees across the country. The planning and execution of these recordings are relevant to the allegations in this action.

**BASIS FOR NONDISCLOSURE:**

Plaintiff fails to show relevance with the mere statement that the instant video was "part of a larger scheme." Any larger scheme is irrelevant to whether defendant O'Keefe violated California Penal Code Section 632 as alleged in the complaint (for example, it is irrelevant to whether plaintiff had a reasonable expectation of privacy under the statute); nor has plaintiff explained how any such scheme is relevant to damages.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Please produce any and all documents regarding expenses incurred by you in preparation, planning, execution and publication of your recording of conversations with ACORN employees from January 1, 2009 to December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Defendant O'Keefe objects to this request on the grounds that it is overbroad, burdensome, and seeks information not calculated to lead to the discovery of admissible evidence. Recordings of ACORN employees other than plaintiffs have no relevance to this case, and even expenses associated with the recording of plaintiff are irrelevant.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

Defendants's other secret recordings are relevant and subject to discovery. The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees across the country. The planning and execution of these recordings are relevant to the allegations in this action. The financing of O'Keefe's illegal recording activities is clearly an appropriate subject for discovery.

///

///

**BASIS FOR NONDISCLOSURE:**

Plaintiff fails to meet his burden to show relevance with the mere statement that the instant video was "part of a larger scheme." Any larger scheme is irrelevant to whether defendant O'Keefe violated California Penal Code Section 632 as alleged in the complaint (for example, it is irrelevant to whether plaintiff had a reasonable expectation of privacy under the statute); nor has plaintiff explained how any such scheme is relevant to damages. Finally, even if general attributes of some larger scheme were relevant, plaintiff does not explain why the incurred expenses of that alleged larger scheme are relevant.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Please produce any and all documents, including receipts and bank account statements, regarding expenses incurred by you for travel to and through the State of California in August 2009.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

Defendant O'Keefe objects to this request on the ground that it seeks information that would be an intrusion on his privacy and is not calculated to lead to the discovery of admissible evidence. Defendant O'Keefe's travels in California (much less his expenses in undertaking these travels) are not relevant to this action.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

This financial information is relevant and discoverable. Plaintiff has a right to discovery on the financial assistance of others to this scheme to secretly record ACORN employees, as well as the expenditures made by defendant himself in his unlawful recording ventures.

**BASIS FOR NONDISCLOSURE:**

In responding to Interrogatory No. 9, defendant O'Keefe already has disclosed who paid for making all of the ACORN videos: he and defendant Giles (and one other person, subsequently identified by name, who contributed $50 for gas in connection with a video made in another state). To the extent plaintiff's proffered reason justifies disclosure, it justifies that disclosure already given, not the manifestly-burdensome disclosure of every expense, including the most minor, made two years ago in connection with traveling in the entire state of California throughout an entire year, for any reason at all.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Please produce any and all telephone bills from June 2009 to November 2009 for any and all telephones you used.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Defendant O'Keefe objects to this request on the grounds that it seeks information not calculated to lead to the discovery of admissible evidence and is personally invasive and burdensome. There is no reason to believe that the documents requested have any relevance to

8

the issues in this case or will lead to any relevant evidence.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

Plaintiff has a right to discover the identities of the other parties involved in the planning, scheming and executing the secret recordings, and to determine the timing and extent of contact between O'Keefe, Giles and others during the time before, during and shortly after the illegal taping of Plaintiff.

**BASIS FOR NONDISCLOSURE:**

Telephone bills contain private information, including the identity (or at least the phone numbers) of a person's friends, attempted business transactions, and other matters entirely irrelevant to this lawsuit.

Even if plaintiff's proffered reason, that he is entitled "to discover the identities of the other parties involved in the planning, scheming and executing [sic] the secret recordings," were true, it would only justify disclosure that has already been made: in his answer to Interrogatory No. 8, defendant O'Keefe has stated that the only person he communicated with regarding the formation, development, strategy, or funding of the plan to interview and record plaintiff was defendant Giles; in that response he also states that he communicated in these ways about ACORN videos generally with a list of people, and only those people. Plaintiff has not explained how "the timing and extent of contact between O'Keefe, Giles and others during the time before, during and shortly after" the video involving plaintiff was made is relevant to any issue in this case. The mere claim that he has a right to this information is certainly no explanation. Much less is he entitled to the complete list of every long-distance or otherwise-identified call defendant O'Keefe made.

**B. Propounded to Defendant Giles**

**INTERROGATORY NO. 6:**

List all banking, credit card and financial accounts held by you in 2009 including the name of the financial institution, the name(s) of the account holder, and the address of the financial institution.

**RESPONSE TO INTERROGATORY NO. 6:**

Giles objects to this Interrogatory on the grounds that it is overbroad, irrelevant, and not calculated to lead to the discovery of admissible to the extent it requests information that bears no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Special Interrogatories as the "INCIDENT." Giles further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as there is no basis for an assertion that this information is relevant to the parties' claims or defenses in this litigation.

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

This financial information is relevant and subject to discovery. Plaintiff has a right to discover who provided financial assistance and participated in the actions alleged in the complaint, and the nature and extent of the payment of expenses for the illegal taping, as well as the remunerations or possible financial gain in connection with the sale of the recordings.

9

Plaintiff has a right to independently verify the veracity of the Defendants' answers regarding who directly and indirectly funded the illegal recordings.

**BASIS FOR NONDISCLOSURE:**

This interrogatory seeks discovery of matters not relevant to the claims and defenses in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. The sole claim Vera has raised in this litigation is that Defendants violated the California Invasion of Privacy Act, Penal Code §§ 630-638, when they allegedly recorded without Vera's consent a confidential conversation involving Vera in ACORN's National City, California Office on August 18, 2009. As set forth in greater detail in Giles' Statement of Points and Authorities, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. The financial institution name and address, as well as the name of the account holder for each account held by Giles in 2009 bears no relationship to whether or not Defendants recorded a confidential conversation with Vera in ACORN's National City Office on August 18, 2009 without obtaining Vera's permission, or any alleged harm Vera may have suffered as a result. The request is therefore irrelevant.

In addition, even accepting *arguendo Vera's stated* "reason why the answer should be provided," the information requested by this interrogatory is irrelevant because provision of the financial institution name and address, as well as the name of the account holder for each account held by Giles in 2009, would not provide to Vera any information regarding "the nature and extent of the payment of expenses" for the alleged illegal taping or any information regarding any alleged "remunerations or possible financial gain in connection with the sale of the recordings." Giles has already responded to Vera's Interrogatory No. 9 to Giles by confirming that only Giles and co-defendant James O'Keefe funded Giles' and O'Keefe's August 18, 2009 visit to ACORN's National City Office.

**INTERROGATORY NO. 7:**

List all expenses incurred as a result of your interviews and recordings of *all* ACORN employees throughout the United States, including, but not limited to, travel expenses, airfare, costs of hotel and lodging, equipment and costume costs, car rental fees, and food and other incidentals expenses. List all expenses, regardless of who paid for each expense.

**RESPONSE TO INTERROGATORY NO. 7:**

Giles objects to this Interrogatory on the grounds that it is overbroad, irrelevant, and not calculated to lead to the discovery of admissible to the extent it requests information that bears no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Special Interrogatories as the "INCIDENT." Giles further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as there is no basis for an assertion that this information is relevant to the parties' claims or defenses in this litigation.

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

This financial information is relevant and subject to discovery. Plaintiff has a right to discover who provided financial assistance and participated in the actions alleged in the complaint, and the nature and extent of the expenses for illegal recording activities. The

expenses incurred in the bigger scheme Parties who assisted, aided, and funded the acts of these defendants may become necessary parties or witnesses to this action. Plaintiff has a right to discover the source of the funding.

**BASIS FOR NONDISCLOSURE:**

This interrogatory seeks discovery of matters not relevant to the claims and defenses in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As stated above and set forth in greater detail in Giles' Statement of Points and Authorities, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. Any other purported interviews or recordings of other persons in other ACORN offices not involving Vera are irrelevant to Vera's suit. For this reason, the information requested is both overly broad and irrelevant.

Additionally, as Giles confirmed in her response to Vera's Interrogatory No. 9 to Giles, only Giles and co-defendant James O'Keefe funded Giles' and O'Keefe's August 18, 2009 visit to ACORN's National City Office. In any event, the expenses incurred by Giles or O'Keefe in connection with their August 18, 2009 visit to ACORN's National City Office bear no relationship to Vera's cause of action or any damages to which Vera would be entitled were he to succeed on the merits of his cause of action. For this reason, the information requested is irrelevant.

**INTERROGATORY NO. 10:**

List any and all payments received from Andrew Breitbart, his representative or agent, or from any entity controlled by him. Include the date the payment was received and the amount of the payment.

**RESPONSE TO INTERROGATORY NO. 10:**

Giles objects to this Interrogatory on the grounds that it is overbroad, irrelevant, and not calculated to lead to the discovery of admissible to the extent it requests information that bears no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Special Interrogatories as the "INCIDENT."

**REASON WHY THE ANSWER SHOULD BE PROVIDED:**

This financial information is relevant and subject to discovery. Plaintiff has a right to discover who provided financial assistance and participated in the actions alleged in the complaint.

Andrew Breitbart is the owner of the website which broadcast the illegally recorded interaction with Plaintiff. Breitbart was involved in the massive dissemination of the illegally recorded videotape and in coordinating a publicity blitz, among other things, the tape defendants illegally made of Mr. Vera. The inquiry is clearly proper.

**BASIS FOR NONDISCLOSURE:**

This interrogatory seeks discovery of matters not relevant to the claims and defenses in this litigation and not reasonably calculated to lead to the discovery of admissible evidence. As

11

explained further in Giles' Statement of Points and Authorities filed concurrently with this motion, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent.

In addition, as Vera is aware, and as Giles disclosed in response to Vera's Interrogatory No. 3 to Giles, Giles was employed by Bigjournalism.com and Biggovernment.com, websites with which Mr. Breitbart is affiliated, from December 2009 through September 2010 (well after the conduct alleged in the Complaint). Giles disclosed her compensation for this employment in response to Interrogatory No. 3. This compensation was not related to the alleged August 18, 2009 visit to ACORN's National City Office or to any broadcast or publication of any alleged recording of a confidential conversation involving Vera. The request for specific information regarding "all payments" is therefore both irrelevant and overly broad.

Furthermore, as Giles confirmed in her response to Vera's Interrogatory No. 9, only Giles and co-defendant James O'Keefe funded Giles' and O'Keefe's August 18, 2009 visit to ACORN's National City Office. In any event, the expenses incurred by Giles or O'Keefe in connection with their August 18, 2009 visit to ACORN's National City Office bear no relationship to Vera's cause of action or any damages to which Vera would be entitled were he to succeed on the merits of his cause of action. For this reason, the information requested is irrelevant.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all unredacted and unedited audio and video recordings taken in preparation for, or in conjunction with, the recording of your August 18, 2009 conversation with Mr. Vera.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Giles objects to this Request on the grounds that it is overbroad and irrelevant to the extent it calls for the production of video or audio recordings that are unrelated to any video or audio recordings of the August 18, 2009 conversation among Giles, Vera, and James O'Keefe and/or that do not include any audio or video recording of Vera. Giles further objects to this Request on the ground that it is unduly burdensome to the extent that it calls for the production of audio or video recordings related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe that are equally available to Vera through public sources.

Subject to the foregoing general and specific objections, Giles states that she does not have possession, custody, or control of any audio or video recording of Vera, nor any audio or video recording related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe, that is not publicly available.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

The Request for Production of Documents does not call for recordings that are not publicly available. It calls for all recordings in her actual or constructive possession. Giles has not produced the requested items. In addition, plaintiff wishes to insure possession of untampered and unedited recordings.

**BASIS FOR NONDISCLOSURE:**

As explained further in Giles' Statement of Points and Authorities filed concurrently with this motion, Vera's cause of action and entitlement to damages are limited to the alleged

recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. Giles reads this request as being limited to audio and video recordings related to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office, but to the extent it is intended to request any other video recordings, it is overly broad and calls for information that is irrelevant.

As explained in Giles' Statement of Points and Authorities, Giles is not required to produce documents or information to which Vera has equal public access. Giles does not have possession, custody, or control, in the form of saved files or recordings, of any audio or video recording of Vera, nor any audio or video recording related to the August 18, 2009 conversation among Vera and Defendants. Giles does have access through the Internet to the recordings related to the August 18, 2009 conversation among Vera and Defendants that are available to any member of the general public with Internet access.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all unedited and unredacted video and audio recordings of your conversations with any and all Association of Community Organizations for Reform Now (ACORN) employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Giles objects to this Request on the grounds that it is overbroad and irrelevant to the extent it calls for the production of video or audio recordings that do not include any audio or video recording of Vera and/or that are unrelated to any video or audio recording of the August 18, 2009 conversation among Giles, Vera, and James O'Keefe. Giles further objects to this Request on the grounds that it is unduly burdensome to the extent that it calls for the production of audio or video recordings related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe that are equally available to Vera through public sources.

Subject to the foregoing general and specific objections, Giles states that she does not have possession, custody, or control of any audio or video recording of Vera, nor any audio or video recording related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe, that is not publicly available.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

The Request for Production of Documents does not call for recordings that are not publicly available. It calls for all recordings in her actual or constructive possession. Giles has not produced the requested items.

**BASIS FOR NONDISCLOSURE:**

As explained further in Giles' Statement of Points and Authorities, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. To the extent this request seeks audio or video recordings of Defendants' alleged conversations with ACORN employees other than those in ACORN's National City Office on August 18, 2009, this request is overly broad and seeks information that is irrelevant.

///

///

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all unredacted and unedited audio and video recordings taken in preparation for, or in conjunction with, your conversations with any and all ACORN employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Giles objects to this Request on the grounds that it is overbroad and irrelevant to the extent it calls for the production of video or audio recordings that do not include any audio or video recording of Vera and/or that are unrelated to any video or audio recording of the August 18, 2009 conversation among Giles, Vera, and James O'Keefe. Giles further objects to this Request on the grounds that it is unduly burdensome to the extent that it calls for the production of audio or video recordings related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe that are equally available to Vera through public sources.

Subject to the foregoing general and specific objections, Giles states that she does not have possession, custody, or control of any audio or video recording of Vera, nor any audio or video recording related to the August 18, 2009 conversation among Giles, Vera, and James O'Keefe, that is not publicly available.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

The Request for Production of Documents does not call for recordings that are not publicly available. It calls for all recordings in her actual or constructive possession. Giles has not produced the requested items. Mr. Vera does not have unedited audio and video and does not have access to them.

**BASIS FOR NONDISCLOSURE:**

As explained in Giles' Statement of Points and Authorities, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. To the extent this request seeks audio or video recordings other than Defendants' alleged recording of a conversation among Plaintiff and Defendants in ACORN's National City Office on August 18, 2009, this request is overly broad and seeks information that is irrelevant.

As further explained in Giles' Statement of Points and Authorities, Giles is not required to produce documents or information to which Vera has equal public access. Giles does not have possession, custody, or control, in the form of saved files or recordings, of any audio or video recording of Vera, nor any audio or video recording related to the August 18, 2009 conversation among Vera and Defendants. Giles does have access through the Internet to the recordings related to the August 18, 2009 conversation among Vera and Defendants that are available to any member of the general public with Internet access.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between you and co-defendant James O'Keefe between January 1, 2009 to the present.

///

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Giles objects to this Request on the grounds that it is overbroad to the extent it purports to include writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between Giles and co-defendant James O'Keefe that bear no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Requests for Production as the "INCIDENT." Giles also objects to this Request on the ground that it is overbroad, irrelevant and unduly burdensome to the extent it fails to provide a sufficient temporal limitation and purports to require production of documents "to the present" including documents that post-date the filing of the Complaint in this action and the reasonable efforts of counsel to collect documents responsive to this request and relevant to the issues in this action.

Subject to and without waiving Giles's foregoing general and specific objections, Giles will produce any responsive, non-privileged documents in response to this request. With these responses, Giles produces those responsive, non-privileged documents for which counsel have completed a review for responsiveness and privilege, and will produce the balance of responsive, non-privileged documents, if any additional documents exist, as soon as practicable.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

There is no co-defendant privilege. The exchange of information, coordination of activities and relationship between the two defendants are proper subject for discovery.

**BASIS FOR NONDISCLOSURE:**

As explained in Giles's Statement of Points and Authorities, Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. To the extent this request seeks writings, documents, communications or correspondence between the Defendants that make no reference to or are otherwise unrelated to Defendants' visit to ACORN's National City Office on August 18, 2009, this request is overly broad and seeks information that is irrelevant.

Giles has not asserted a "co-defendant" privilege. Furthermore, Giles has not asserted any privilege, or withheld documents on the basis of privilege, where the documents constitute communications or correspondence between the Defendants that refer to Defendants' visit to ACORN's National City Office on August 18, 2009. Communications between Defendants and their counsel regarding Defendants' visit to ACORN's National City Office on August 18, 2009 may properly be withheld on joint defense privilege grounds even if both Defendants are parties to the communication. See, e.g., U.S. v. Henke, 222 F.3d 633, 637 (9th Cir. 2000) ("The joint defense privilege is an extension of the attorney-client privilege…[that] has been recognized by this Circuit since at least 1964. A joint defense agreement establishes an implied attorney-client relationship with the co-defendant.")(internal citations omitted). However, Giles is not aware of any documents otherwise responsive to this request that have been withheld on the basis of the joint defense privilege.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between you and any employee, agent, or representative of ACORN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Giles objects to this Request on the grounds that it is overbroad and irrelevant to the extent it purports to include writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between Giles and any employee, agent, or representative of ACORN that bear no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Requests for Production as the "INCIDENT." Giles further objects to this Request on the grounds that it is overbroad, irrelevant, and unduly burdensome to the extent it fails to provides any temporal limitation, including documents that post-date the filing of the Complaint in this action and the reasonable efforts of counsel to collect documents responsive to this request and relevant to the issues in this action.

Subject to and without waiving Giles's foregoing general and specific objections, Giles will produce any responsive, non-privileged documents in response to this request. With these responses, Giles produces those responsive, non-privileged documents for which counsel have completed a review for responsiveness and privilege, and will produce the balance of responsive, non-privileged documents, if any additional documents exist, as soon as practicable.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

There is no co-defendant privilege.  As to relevance,  Defendants's other secret recordings are relevant and subject to discovery.  The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees across the country.  The planning and execution of these recordings are relevant to the allegations in this action.  Further, if there is any withholding on grounds of alleged privilege, plaintiff seeks a detailed privilege log.

**BASIS FOR NONDISCLOSURE:**

Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent.  To the extent this request seeks writings, documents, communications or correspondence that make no reference to Defendants' visit to ACORN's National City Office on August 18, 2009, this request is overly broad and seeks information that is irrelevant.  Notwithstanding Vera's conclusory statement above that "the planning and execution of [other] recordings are relevant to the allegations in this action," as explained in Giles' Statement of Points and Authorities, none of the other alleged recordings relate to Vera's cause of action under the California Invasion of Privacy Act or to any available claim of damages.

Giles has not asserted a "co-defendant" privilege.  Furthermore, Giles has not asserted any privilege, or withheld documents on the basis of privilege, where the documents constitute writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received between Giles and any employee, agent, or representative of ACORN.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received by you regarding your efforts to record and the actual recording of conversations with ACORN employees between January 1, 2009 and December 31, 2009.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Giles objects to this Request on the grounds that it is overbroad and irrelevant to the extent it purports to include writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received by Giles that bear no relationship to Giles and O'Keefe's August 18, 2009 visit to ACORN's National City Office and/or Giles and O'Keefe's interaction with Vera, defined in Vera's Requests for Production as the "INCIDENT." Giles also objects to the phrase "regarding your efforts to record" to the extent this phrase includes any express or implied characterizations of fact or law.

Subject to and without waiving Giles's foregoing general and specific objections, Giles will produce any responsive, non-privileged documents in response to this request. With these responses, Giles produces those responsive, non-privileged documents for which counsel have completed a review for responsiveness and privilege, and will produce the balance of responsive, non-privileged documents, if any additional documents exist, as soon as practicable.

**REASON WHY THE DOCUMENTS SHOULD BE PROVIDED:**

There is no co-defendant privilege. As to relevance, Defendants's other secret recordings are relevant and subject to discovery. The secret recording of the Plaintiff was only a part of a larger scheme of recording ACORN employees across the country. The planning and execution of these recordings are relevant to the allegations in this action. If privilege is claimed, a detailed privilege log should be ordered produced.

**BASIS FOR NONDISCLOSURE:**

Vera's cause of action and entitlement to damages are limited to the alleged recording involving Vera on August 18, 2009 and any harm suffered by Vera as a result of the fact that he was allegedly recorded without his consent. To the extent this request seeks writings, documents, communications or correspondence that make no reference to or are otherwise unrelated to Defendants' visit to ACORN's National City Office on August 18, 2009, this request is overly broad and seeks information that is irrelevant. Notwithstanding Plaintiff's conclusory statement above that "the planning and execution of [other] recordings are relevant to the allegations in this action," as explained in Giles' Statement of Points and Authorities, none of the other alleged recordings relate to Vera's cause of action under the California Invasion of Privacy Act or to any available claim of damages.

Giles has not asserted a "co-defendant" privilege. Furthermore, Giles has not withheld documents where the documents constitute writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received by Giles regarding Defendants' visit to ACORN's National City Office on August 18, 2009, and which are not subject to the attorney-client privilege, work product doctrine, or any other applicable privilege. Communications between Defendants and their counsel regarding Defendants' visit to ACORN's National City Office on August 18, 2009 may properly be withheld on joint defense privilege grounds even if both Defendants are parties to the communication. See, e.g., U.S. v. Henke, 222 F.3d 633, 637 (9th Cir. 2000) ("The joint defense privilege is an extension of the attorney-client privilege…[that] has been recognized by this Circuit since at least 1964. A joint defense agreement establishes an implied attorney-client

///

///

///

relationship with the co-defendant.")(internal citations omitted).  However, Giles is not aware of any documents otherwise responsive to this request that have been withheld on the basis of the joint defense privilege.

Dated:   September 15, 2011           /s/   Eugene G. Iredale
                                      EUGENE G. IREDALE
                                      JULIA YOO
                                      Attorneys for Plaintiff
                                      JUAN CARLOS VERA


Dated:   September 15, 2011           /s/   Christopher Hajec
                                      CHRISTOPHER J. HAJEC
                                      MICHAEL E. ROSMAN
                                      Attorneys for Defendant
                                      JAMES O'KEEFE, III


Dated:   September 15, 2011           /s/   Benjamin Powell
                                      Benjamin Powell
                                      Attorneys for Defendant
                                      Hannah GILES