# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, <br><br> Plaintiff, <br> vs. <br><br> JAMES O'KEEFE III, et al., <br><br> Defendants. | CASE NO. 10cv1422-L (MDD) <br><br> ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE <br><br> [DOC. NO. 42] |

Background

Before the Court is the Joint Motion of the parties for a ruling on a discovery dispute filed on September 15, 2011. (Doc. No. 42). According to the Complaint, Plaintiff was an employee of the Association of Community Organizations for Reform Now ("ACORN"). In a single cause of action, Plaintiff alleges a violation of California Penal Code § 632, a criminal statute, which allows for a private cause of action for damages under § 637.2. Specifically, Plaintiff alleges that the two Defendants, both individuals, secretly recorded a conversation between Plaintiff and Defendants in violation of law. (Doc. No. 1). Plaintiff also brought the Complaint against "DOES 1-20" and stated that Plaintiff is "truly ignorant of the true names and capacities of [the DOES] and is truly ignorant of the facts giving rise to their liability and will amend this complaint once their identities have been ascertained." (Id.)

The elements of the charged violation are as follows:

1. Defendant intentionally recorded Plaintiff's conversation by using an electronic device;
2. Plaintiff had a reasonable expectation that the conversation was not being recorded;
3. Defendant did not have consent of all parties to the conversation;
4. Plaintiff was harmed; and,
5. Defendant's conduct was a substantial factor in causing the Plaintiff's harm.

*See* CACI 1809. A successful plaintiff is entitled to statutory damages of $5,000 and up to three times actual damage. *See* California Penal Code § 637.2.

The instant dispute arises from certain interrogatories and production requests propounded by Plaintiff to each of the Defendants. Each will be addressed below.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. Id.

"An interrogatory may relate to any matter that may be inquired under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate

objection(s) with specificity or by "answer[ing] separately and fully in writing under oath." Id. at 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Id. at 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Id. at 34(b). The responding party is responsible for all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

Discussion

Discovery Requests Propounded to Defendant O'Keefe

Interrogatory #4

This Interrogatory requires Defendant O'Keefe to state and list all media that he has published. The Interrogatory was narrowed to media published by Defendant related to the nonconsensual taping or recording of others. Defendant objects on grounds of overbreadth, burden and relevance. Plaintiff claims that the information is relevant because Plaintiff holds himself out as a journalist and has claimed First Amendment protection for his actions.

Defendant has asserted an affirmative defense based upon his First Amendment rights including freedom of the press. (Doc. No. 5). Plaintiff is entitled to discovery of information relevant to that asserted defense. Although the Court views the information requested in this Interrogatory as only marginally relevant to that asserted defense, the Court ORDERS Defendant O'Keefe to produce a list, to the extent that it exists, of his publications related to the nonconsensual taping or recording of others. Copies of such publications, if within the Defendant's custody, possession or subject to his control, must be produced.

Interrogatory #7

This Interrogatory requires Defendant O'Keefe to list all expenses incurred as a result of interviews and recordings of all ACORN employees throughout the United States. Defendant objects on the grounds of overbreadth, burden and relevance. Plaintiff claims he has a right to discover the identities of persons who may have provided financial assistance or otherwise participated in the actions alleged in the complaint and to uncover evidence of the expenditures of other incidents. Defendant states that he has provided, in connection with another Interrogatory, the identities of all persons (the Defendants and one other person) who paid for the making of all ACORN videos.

This Interrogatory is overbroad and seeks disclosure of information not relevant to any claim or defense. The Court simply cannot discern how the disclosure of expenses incurred, even if limited to the incident alleged in the complaint, informs any aspect of the asserted cause of action. If Plaintiff wishes to learn whether other persons paid for expenses incurred by Defendant in connection with the planning and execution of the allegedly illegal recording of Plaintiff, that is the question he should ask. No further response is required.

Interrogatory #10

This Interrogatory requires Defendant to disclose any payments made to Defendant by Andrew Brietbart or any related person or entity. Defendant objects on grounds of overbreadth and relevance. Plaintiff asserts that a website controlled by Mr. Breitbart broadcast the interview that is the subject of this complaint.

The Court believes that it may be relevant that Defendant was paid for the video of Plaintiff. Such a payment may inform the intent of the Defendant in engaging in the alleged illegal activity and Plaintiff must prove that the actions were intentional. *See* California Penal Code § 632. The reason that Plaintiff has limited his inquiry to one person is less than clear but the Court will ORDER Defendant to respond by disclosing any payments made by Mr. Breitbart or any related entity which pertains to the video recording of Plaintiff.

Interrogatory #13

This Interrogatory requires Defendant to state when he first discovered that Plaintiff had

reported the details of the conversation between Plaintiff and Defendant to any law enforcement officer. Defendant objects on grounds of vagueness and relevance.

The Interrogatory is not vague. Fairly read, it requires Defendant to state when, if ever, he learned that Plaintiff reported the details of their conversation to the authorities. The relevance of the answer, however, is not obvious. Plaintiff asserts, in his Memorandum in Support, that "it goes to the Plaintiff's allegation that defendants released private and misleading information about Vera to the public." That assertion is not terribly helpful in connecting the information sought to the cause of action asserted by Plaintiff. The Court will interpret Plaintiff's assertion as saying that the information sought is relevant to the harm caused Plaintiff. On those grounds, there is a rational argument for marginal relevance which could have been expressed more clearly. The Court will ORDER the Defendant to respond.

Request for Production #3

This Request seeks the production of all unedited and unredacted video and audio recordings of conversations with any and all ACORN employees. Defendant objects that the request is overbroad and irrelevant. Defendant also states that he has produced the unedited video of the conversation that is the subject of the Complaint. Plaintiff claims that this is relevant to a larger scheme to record ACORN employees across the country.

The Court cannot discern how discovery of other recordings of other ACORN employees informs the claims or defenses in this case. Whether or not there existed a larger scheme illegally to record other ACORN employees across the United States does not appear relevant to the claim asserted in this case. No further response is required.

Request for Production #4

This Request seeks the production of unedited and unredacted audio and video recordings taken in preparation for or in conjunction with conversations with any ACORN employees. Defendant objects for vagueness and relevance. Plaintiff claims relevance to a larger scheme.

The larger scheme asserted by the Plaintiff is not part of any claim brought in his complaint. Nor can the Court discern how the existence of this alleged larger scheme would lead to admissible evidence at trial. No further response is required.

Request for Production #5

This Request demands the production of all communications between Defendant O'Keefe and Defendant Giles from January 1, 2009, to the date of the request. Defendant objects for overbreadth, burden, relevance, and invasion of privacy. Defendant has offered to produce communications between Defendant O'Keefe and Defendant Giles limited to communications regarding Plaintiff and the video involving Plaintiff.

The Court agrees that production by Defendant O'Keefe of non-privileged communications between him and Defendant Giles pertaining to Plaintiff and the video involving Plaintiff is a sufficient response to this Request. Otherwise, the Request is overbroad and seeks irrelevant information. Defendant is ORDERED to respond as provided above.

Request for Production #6

This Request seeks the production of communications with Andrew Breitbart. Defendant objects for overbreadth and relevance. Plaintiff claims that he is entitled to discover the identities of others who participated in or planned the recording of Plaintiff. Plaintiff asserts, in his Memorandum in Support, that the secretly recorded video was published on a website controlled by Mr. Breitbart.

The Request certainly is overbroad. But, as the Court ruled in connection with Interrogatory #10 above, there may be relevance in nonprivileged communications between Defendant and others which pertain to Plaintiff or to the video recording of Plaintiff. For reasons best known to himself, Plaintiff limited the inquiry to one person. Defendant is ORDERED to respond as limited herein.

Request for Production #8

This Request seeks the production of all writings or communication sent or received by Plaintiff regarding the recording of conversations with ACORN employees between January 1, 2009 and December 31, 2009. Defendant objects for overbreadth and relevance. Plaintiff claims he is entitled to discover conversations regarding other efforts to record ACORN employees to show that the recording at issue was part of a larger scheme. Defendant claims that any evidence of a larger scheme is irrelevant to the instant case.

The larger scheme asserted by the Plaintiff is not part of any claim brought in his complaint, nor can the Court discern how the existence of this alleged larger scheme would lead to admissible evidence at trial. Nonprivileged communications regarding the secret recording of Plaintiff, however, are relevant and Defendant is ORDERED to provide such records.

Request for Production #9

This Request seeks production of all documents regarding expenses incurred by Defendant in recording ACORN employees between January 1, 2009 and December 31, 2009. Defendant objects for overbreadth and relevance. Plaintiff claims he is entitled to discovery because it will lead to evidence of a larger scheme by Defendants to record ACORN employees.

The larger scheme asserted by the Plaintiff is not part of any claim brought in his complaint. Nor can the Court discern how the existence of this alleged larger scheme would lead to admissible evidence at trial. Furthermore, as with Interrogatory #7, it does not appear that the disclosure of expenses incurred, even if limited to the incident alleged in the complaint, informs any aspect of the asserted cause of action. If Plaintiff wishes to learn whether other persons paid for expenses incurred by Defendant in connection with the planning and execution of the allegedly illegal recording of Plaintiff, that is the question he should ask. No further response is required.

Request for Production #10

This Request seeks all documents regarding expenses incurred by Defendant's travel to California in August 2009. Defendant objects for relevance and privacy concerns. Plaintiff claims he is entitled to discovery because it will reveal evidence of financial assistance by others participating in a scheme to record ACORN employees. Defendant claims that he has identified all who funded the videos in response to O'Keefe Interrogatory #9, and that a detailed list of expenditures beyond that is not relevant.

The Court agrees that the request is overbroad and calls for the production of irrelevant information. Plaintiff may be entitled to discover the identities of persons who funded Defendant's trip to California for the purpose of secretly recording the conversation with Plaintiff, but that is not the question asked. The disclosure of expenses incurred, standing alone, does not seek relevant information and is overbroad. No further response is required.

Request for Production #12

This Request seeks telephone bills for any phones used by Defendant between June 2009 and November 2009. Defendant objects for relevance and privacy concerns. Plaintiff claims he is entitled to discovery because these records will reveal other parties involved in planning the secret recordings.

The Court agrees that the Request is overbroad and not reasonably calculated to lead to admissible evidence. Plaintiff has not indicated whom he hopes to identify through this request nor how phone records would inform any aspect of the claims or defenses in the case. The fact that "DOES" were named in the complaint does not solve Plaintiff's problem. "To properly plead John Doe defendants, a plaintiff must allege the particulars of his or her claim against each one, even though the plaintiff does not know the individual's name at the time of pleading." *Smith v. HSBC Bank,* 2011 WL 1497072, *4 (E.D. Cal. 2011). Rather, Plaintiff has proclaimed total ignorance of the DOES. (Doc. No. 1). No further response is required.

Discovery Requests Propounded to Defendant Giles

Interrogatory #6

This Interrogatory asks Giles to list all banking, credit card and financial accounts held in 2009. Defendant objects for overbreadth, relevance and burden. Plaintiff claims he is entitled to discovery because it will lead to evidence regarding whether Plaintiff was paid to produce the videos.

The Court agrees the Interrogatory is overbroad, burdensome and irrelevant. If Plaintiff wishes to learn whether other persons paid for expenses incurred by Defendant in connection with the planning and execution of the allegedly illegal recording of Plaintiff, that is the question he should ask. No further response is required.

Interrogatory #7

This Interrogatory asks Giles to identify all expenses incurred as a result of the interviews and recordings of all ACORN personnel. Defendant objects for overbreadth, burden and relevance. Plaintiff claims he is entitled to discovery because it will identify parties that provided financial assistance and reveal a larger scheme to record.

As discussed above, if Plaintiff wishes to learn whether other persons paid for expenses incurred by Defendant in connection with the planning and execution of the allegedly illegal recording of Plaintiff, that is the question he should ask. Plaintiff has failed to demonstrate that information pertaining to a larger scheme to record ACORN employees is relevant to this case. No further response is required.

Interrogatory #10

This Interrogatory asks Giles to list all payments received from Andrew Breitbart or related entities. Defendant objects for overbreadth and relevance. Plaintiff claims he is entitled to discovery because Mr. Breitbart's publication of the interviews shows his involvement in this action.

The Court finds that there may be relevance in whether Defendant was paid for the video of Plaintiff. Such a payment may inform the intent of Defendant in engaging in the alleged illegal activity and Plaintiff must prove that the actions were intentional. The reason that Plaintiff has limited his inquiry to one person is less than clear but the Court will ORDER Defendant to respond by disclosing any payments made by Mr. Breitbart or any related entity which pertains to the video recording of Plaintiff.

Request for Production #2

This Request asks Defendant to produce all unredacted and unedited audio or video taken in preparation for or in conjunction with the August 18, 2009 conversation with Plaintiff. Defendant objects for overbreadth and irrelevance. Defendant also objects on the grounds that the information is publicly available, and that Giles does not have possession, custody or control over any such video that is not publicly available. Plaintiff claims he is entitled to discovery because he has only requested video in Defendant Giles' custody or control, and he wishes to ensure possession of untampered and unedited recordings.

Unlike Plaintiff's Requests for Production from O'Keefe #3 and #4, this Request is narrowly tailored to audio or video related to the conversation and recording at issue in this case. To the extent that Defendant Giles possesses and controls any audio or video related to the August 18, 2009 interview, Defendant is ORDERED to produce them, regardless of whether they are

publicly available.

Request For Production #3

This Request asks Defendant to produce any video or audio recordings of conversations with other ACORN employees. Defendants object for relevance and overbreadth, and also claim not to possess any such audio or video.

As with Plaintiff's Request for Production to O'Keefe #3, the Court cannot discern how discovery of recordings of other ACORN employees informs the claims or defenses in this case. No further response is required.

Request for Production #4

This Request asks Defendant to produce any and all recordings taken in conjunction with or in preparation for conversations with other ACORN employees.

As with Plaintiff's Request for Production to O'Keefe #4, the Court cannot discern how discovery of recordings of other ACORN employees informs the claims or defenses in this case. No further response is required.

Request for Production #5

This Request asks Defendant to produce all writings, documents, communications or correspondence between Giles and co-Defendant O'Keefe between January 1, 2009 and the present. Defendant objects for overbreadth and relevance in that it is not limited to the communications related to the present case. Defendant Giles has agreed to produce nonprivileged documents related to the present case, and agreed to supplement the response as additional materials are reviewed for responsiveness and privilege. Plaintiff claims he is entitled to discovery because there is no co-defendant privilege.

The Court agrees that Plaintiff's request is overbroad in that it addresses matters not related to the instant action. Defendant has not claimed a co-defendant privilege. Rather, Defendant specified that she would review potential responses to ensure that documents protected by any privilege are not disclosed. That is certainly consistent with law. Defendant's agreement to produce responsive nonprivileged information exchanged between the Defendants related to the secret recording of Plaintiff is a sufficient response. Beyond that response, no further response is

required.

Request for Production #7

This Request asks Defendant to produce all writings, documents, communications or correspondence exchanged, sent or received between Giles and any ACORN employee or representative. Defendant objects for overbreadth and relevance, in that it requests materials not related to the secret recording of Plaintiff on August 18, 2009. Notwithstanding these objections, Defendant has agreed to produce non-privileged materials that relate to the secret recording of Plaintiff in response to the request. Plaintiff requests additional responses related to secret recordings of any ACORN employees.

The Court agrees that the request is overbroad. Interactions with other ACORN employees are not at issue except to the extent that such information pertains to the recording of Plaintiff. Accordingly, Defendant's response is sufficient and further responses are not required.

Request for Production #8

This Request asks Defendant to produce all writings, documents, communications or correspondence exchanged, sent or received by Giles regarding efforts to record ACORN employees between January 1, 2009 and December 31, 2009. Defendants object for overbreadth and relevance, in that the request asks for materials not related to the August 18, 2009 recording of Plaintiff. Notwithstanding these objections, Defendant has agreed to produce non-privileged materials related to the August 18, 2009 recording. Plaintiff claims that the requested information will reveal a larger scheme to record ACORN employees.

As discussed above, the larger scheme asserted by Plaintiff is not part of any claim asserted in his complaint. Nor can the Court discern how the existence of this alleged larger scheme would lead to admissible evidence at trial. Responsive information regarding the secret recording of Plaintiff are relevant and must be produced, as has been recognized by Defendant. Beyond that, no further response is required.

Conclusion

Defendants must respond to Interrogatories and Requests for Production as provided herein within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED: September 23, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge