ERIC A. GRESSLER, SBN 186674
egressler@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Tel (213) 629-2020/Fax (213) 612-2499

MICHAEL J. MADIGAN, admitted *Pro Hac Vice*
mmadigan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
Tel (202) 339-8523/Fax (202) 339-8500

CHRISTOPHER J. HAJEC, admitted *Pro Hac Vice*
hajec@cir-usa.org
MICHAEL E. ROSMAN, admitted *Pro Hac Vice*
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1233 20th Street, N.W., Suite 300
Washington, DC 20036
Tel (202) 833-8400/Fax (202) 833-8410

Attorneys for Defendant
JAMES O'KEEFE III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O'KEEFE III, an individual, HANNA GILES, an individual, and DOES 1-20 inclusive,<br><br>Defendants. | Case No. CV 10-1422-L-MDD<br><br>**DEFENDANT O'KEEFE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER REGARDING COUNSEL FOR PLAINTIFF'S ISSUANCE OF SUBPOENAS OR, IN THE ALTERNATIVE, MOTION TO QUASH, AND MOTION FOR FEES**<br><br>Hon. Mitchell D. Dembin,<br>United States Magistrate Judge |

Pursuant to Federal Rules of Civil Procedure 26(c), 45(c)(3), and 37(a)(5) and Local Civil Rule 7.1(f), defendant James O'Keefe submits this memorandum of points and authorities in support of his motion for a protective order regarding

subpoenas to telephone companies seeking defendant O'Keefe's telephone records or, in the alternative, to quash these subpoenas, and for fees pursuant to Rule 37(a)(5). The records sought are private, are privileged under California law, and have been expressly ruled irrelevant and protected from disclosure by this Court.

## BACKGROUND

On September 20, 2011, counsel for plaintiff issued a subpoena to AT&T seeking all records from May 18, 2009, to October 18, 2009, relating to phone numbers that included numbers that have been used by defendant O'Keefe. Declaration of Compliance and Further Statement of Michael E. Rosman dated October 19, 2011 ("Decl."), Exhibit 1. On the same date, counsel for plaintiff issued a subpoena to Verizon seeking all records from May 18, 2009, to October 18, 2009, relating to two telephone number used by defendant O'Keefe. Decl., Exhibit 2. On September 23, 2001, this Court issued its order on the parties' joint motion for determination of a discovery dispute ("Order") (Doc. No. 43). In the Order, this Court concluded expressly that plaintiff was not entitled to discovery of defendant O'Keefe's telephone bills. In ruling on plaintiff's Request for Production No. 12, the Court explained:

> This Request seeks telephone bills for any phones used by Defendant between June 2009 and November 2009. Defendant objects for relevance and privacy concerns. Plaintiff claims he is entitled to discovery because these records will reveal other parties involved in planning the secret recordings.
>
> The Court agrees that the Request is overbroad and not reasonably calculated to lead to admissible evidence. Plaintiff has not indicated whom he hopes to identify through this request nor how phone records would inform any aspect of the claims or defenses in this case.

Order at 8.

On September 27, 2011, attorneys for defendant O'Keefe and defendant Hannah Giles (whose telephone records also were sought in subpoenas plaintiff issued) and plaintiff's attorney Eugene Iredale met and conferred on this issue in a telephone conference call. An attorney for defendant Giles asked Mr. Iredale if he

- 2 -

1  would withdraw the subpoenas seeking defendants' telephone records in light of the
2  express Order by this Court, and Mr. Iredale said that he would not withdraw them.
3  Decl. ¶ 3.  Attorneys for defendant O'Keefe subsequently learned that Verizon
4  apparently has complied with the subpoena issued to it.  Decl. ¶ 3.  On October 10,
5  2011, defendant O'Keefe's counsel Michael E. Rosman followed up on the meet
6  and confer with an email to Mr. Iredale confirming the contents of that
7  conversation.  Decl. ¶ 3, Exhibit 3.

## ARGUMENT

9        The records plaintiff seeks in these subpoenas are private information and
10 privileged under California law.  As seen above, this Court also has concluded that
11 they are irrelevant to this action and has protected them from discovery.
12       California raises privacy to the level of an inalienable right.  Article 1,
13 Section 1of the California Constitution provides:

> All people are by nature free and independent and have inalienable
> rights.  Among these are enjoying and defending life and liberty,
> acquiring, possessing, and protecting property, and pursuing and
> obtaining safety, happiness, and privacy.

17 Furthermore, in Cal. Code Civ. P. § 1985.3, telephone records of consumers are
18 protected from disclosure.  Under that statute, a party who issues a subpoena *duces*
19 *tecum* seeking telephone records of a consumer must follow strict procedures, and
20 the subpoena shall not be valid or effective unless it includes a consent to release
21 the records signed by the consumer.  Cal. Code Civ. P. § 1985.3(f).
22       Given these provisions, it is clear, at the minimum, that telephone records of
23 consumers are privileged under California law.  *Robinson v. Kia Motors America,*
24 *Inc.,* 2011 WL 2433369, 1-4 (E.D. Cal. 2011) (discussing the telephone-records
25 privilege under California law).  And Federal Rule of Evidence 501 provides that
26 "in civil actions…., with respect to an element of a claim or defense as to which
27 State law supplies the rule of decision, the privilege of a….person…. shall be
28 determined in accordance with State law." *Lewis v. U.S.,* 517 F.2d 236, 237 n.2 (9th

1  Cir. 1975) ("[S]tate privilege law is binding in federal civil proceedings in which
2  state law provides the rule of decision").  Here, of course, plaintiff's sole claim is
3  for a violation of California Penal Code § 632.
4       Under Federal Rule of Civil Procedure 26(b)(1), discovery is limited to
5  "nonprivileged matter that is relevant to any party's claim or defense."  Under Rule
6  26(c)(1), a "court may, for good cause, issue an order to protect a person or party
7  from annoyance, embarrassment, [or] oppression."  Under Rule 45(c)(3)(A)(iii), a
8  court "must quash or modify a subpoena that…. requires disclosure of privileged or
9  other protected matter."
10      Since the records sought here are privileged, and also protected from
11 disclosure by the Court's Order, defendant O'Keefe's motion for a protective order
12 pursuant to Rule 26(c), or to quash under Rule 45(c)(3), should be granted.  And
13 both the status of the records as privileged and the explicit ruling by this Court that
14 they are irrelevant under Rule 26(b)(1) and thus outside the limits of discovery
15 constitute ample cause to protect defendant O'Keefe from "annoyance,
16 embarrassment, [or] oppression" pursuant to Rule 26(c)(1).  *See, e.g., In re*
17 *REMEC, Inc. Securities Litigation,* 2008 WL 2282647, 1 (S.D. Cal. 2008) *and*
18 *cases cited therein* ("A party can move for a protective order in regard to a
19 subpoena issued to a non-party if it believes its own interests are jeopardized by
20 discovery sought from a third party and has standing under Rule 26(c) to seek a
21 protective order regarding subpoenas issued to non-parties which seek irrelevant
22 information.").
23      Accordingly, the Court should order that, to the extent the subpoenas have
24 not yet been complied with, they not be complied with, and that plaintiff neither use
25 nor disclose any information obtained from any previous compliance with them.
26 **FEES**
27      When asked to withdraw these subpoenas in light of the Court's ruling that
28 the information required to be disclosed in them is irrelevant, counsel for plaintiff

1  refused. Decl. ¶ 3. In light of the Court's Order, which protected these records
2  from disclosure, and the privileged nature of the records, counsel for plaintiff was
3  not substantially justified in believing that these subpoenas were proper discovery,
4  and no other circumstances would make an award of fees here unjust. Fed. R. Civ.
5  P. 37(a)(5)(A); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 45 (1991); *Aloe*
6  *Vera of America, Inc. v. U.S.,* 376 F 3d 960, 965 (9th Cir. 2004) (upholding
7  sanctions for a party's attempt to disclose confidential information, the disclosure
8  of which was limited by court order, by relitigating that order); *Devaney v.*
9  *Continental American Ins.,* 989 F.2d 1154, 1162 (11th Cir. 1993) ("[S]anctions
10 under [then-]Rule 37(a)(4) are mandatory unless the court finds a substantial
11 justification for discovery delays"); *Boulos v. Cato,* 11 Fed. R. Serv. 3d 491, 493
12 (S.D.N.Y. 1988) ("[A]ssessment of expenses is mandatory unless opposition to the
13 motion was substantially justified or because other circumstances make an award of
14 expenses unjust"); *American Hangar, Inc. v. Basic Life, Inc.,* 105 F.R.D. 173, 176
15 (D. Mass. 1985) ("[T]he award of expenses, including attorney's fees, is mandatory
16 unless the Court is able to make either of the two findings noted, i.e. either (1) that
17 the opposition to the motion was substantially justified, or (2) that other
18 circumstances make an award of expenses unjust"). Accordingly, plaintiff should
19 be ordered to pay defendant O'Keefe's reasonable attorneys' fees in connection
20 with this motion, pursuant to Federal Rules of Civil Procedure 26(c)(3) and
21 37(a)(5).

## **CONCLUSION**

23 For these reasons, defendant O'Keefe's motion should be granted.

| | |
|---|---|
| Dated: October 21, 2011 | Respectfully submitted, |
| | CENTER FOR INDIVIDUAL RIGHTS |
| | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By s/ *Michael E. Rosman* |
| | CENTER FOR INDIVIDUAL RIGHTS |
| | MICHAEL E. ROSMAN |
| | CHRISTOPHER J. HAJEC, |
| | Attorneys for Defendant JAMES O'KEEFE III |