# EXHIBIT 3

# Chris Hajec

| | |
|---|---|
| **From:** | Michael Rosman |
| **Sent:** | Monday, October 10, 2011 4:46 PM |
| **To:** | egiredale@yahoo.com; jyoo@iredalelaw.com |
| **Cc:** | Powell, Benjamin; Kearney, Daniel P.; Seybold, Randy (Randy.Seybold@wilmerhale.com); Chris Hajec |
| **Subject:** | Vera v. O'Keefe |

Dear Eugene,

I am writing to confirm the contents of our telephone conversation concerning the subpoenas to the telephone companies, to set forth our position concerning upcoming depositions, and to discuss what I believe to be a defect in your response to our discovery requests.

During the conversation regarding the subpoenas, we and the attorneys for defendant Giles asked if you would withdraw the subpoenas to the phone companies in light of the Magistrate Judge's order dated September 23, 2011. You said you would not withdraw those subpoenas. In light of the Court's ruling with respect to your Request for Production #12 to Mr. O'Keefe, we believe that you have no substantial basis for believing that these subpoenas are proper discovery. Accordingly, we intend to make a motion for a protective order and seek fees pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5).

The magistrate judge also made clear that certain areas of discovery were not relevant to your client's claims. For example, the Court repeatedly held that "whether or not there existed a larger scheme illegally to record other ACORN employees across the United States does not appear relevant to the claim asserted in this case." Accordingly, we would deem any significant line of questions during depositions related to other investigations or tapings (or other matters that the Court has deemed not within the proper scope of discovery) to be a line of questioning that may "unreasonably annoy[], embarrass[], or oppress[] . . . [a] deponent or party," Fed. R. Civ. P. 30(d)(3)(A), and, accordingly, may terminate the deposition and/or the line of questioning in order to make a motion.

Finally, as to your response to our Request For Production No. 4, I believe you've made a fundamental error in analogizing our request with your much broader request for all phone records over a much more extensive period of time. While you sought telephone records covering *any of* Mr. O'Keefe's telephones over *a six month period*, our request covered the records of only those telephones in your client's possession or vicinity on the very day in question and, for those phones, only the records concerning that day. If you're client was making telephone calls during the period of time that he was speaking to Mr. O'Keefe and Ms. Giles, it is obviously relevant to whether he had a reasonable expectation of privacy and, accordingly, well within the scope of discovery.

Michael Rosman<br>
General Counsel<br>
Center for Individual Rights

1