Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
105 West "F" Street, Fourth Floor
San Diego, California 92101-6036
Telephone: 619.233.1525
Facsimile: 619.233.3221
Attorneys for plaintiff, Juan Carlos Vera

# UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### (Honorable M. James Lorenz)

| | |
|---|---|
| JUAN CARLOS VERA, an individual, | Case No. 10-cv-01422-L-JMA |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO O'KEEFE'S OBJECTION TO MAGISTRATE'S ORDER OF SEPTEMBER 23, 2011** |
| v. | |
| JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20 inclusive, | |
| Defendants. | |

On September 23, 2011, Magistrate Judge Dembin issued an order on the Parties' Joint Motion for Determination of Discovery Dispute [Dkt. #43]. The Magistrate Judge ordered Defendants to provide certain discovery they had resisted. Defendant O'Keefe filed an Objection to the Magistrate Judge's order with respect to two areas: 1) his prior media publications related to nonconsensual recordings; and 2) and payments O'Keefe received from Andrew Breitbart. These narrowly tailored discovery requests made by the Plaintiff are legitimate subjects of discovery.

First, Plaintiff narrowed the scope of discovery to O'Keefe's publications related to nonconsensual recordings. O'Keefe asserted in his Motion to Dismiss that "journalistic enterprise, when the subject mater, as it often will be, is one of public concern, may be essential to serve core First Amendment values." [Dkt. #20 p. 23] Despite this alleged defense that he

1  was entitled to secretly record people due to his "journalistic efforts," O'Keefe's claim to be a
2  "journalist" varies with each pleading he makes.  In any event, his previous statements regarding
3  nonconsensual (and illegal in California, Maryland and Pennsylvania) recordings are relevant in
4  this case in which he nonconsensually recorded Plaintiff.

5       As to the issue of Andrew Breitbart, O'Keefe asserts that the payments he received from
6  Breitbart and the communication between them are "private matter."  Plaintiff has the right to
7  determine who else, if anyone, planned, supported or was involved in the commission of this tort.
8  Payments from the person who disseminated the illegal recording of Plaintiff are clearly relevant
9  to that issue.

10       Plaintiff incorporates the arguments set forth fully in his Objection to the Order [Dkt.
11  #44] and  respectfully requests this Court require Defendant O'Keefe to respond to Plaintiff's
12  discovery requests.

13                  Respectfully submitted,

15  Dated:   October 21, 2011          /s/   Eugene G. Iredale
                                  EUGENE G. IREDALE
16                                JULIA YOO
                                  Attorneys for Plaintiff JUAN CARLOS VERA