ERIC A. GRESSLER, SBN 186674
egressler@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Tel (213) 629-2020/Fax (213) 612-2499

MICHAEL J. MADIGAN, admitted *Pro Hac Vice*
mmadigan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, DC 20005
Tel (202) 339-8523/Fax (202) 339-8500

CHRISTOPHER J. HAJEC, admitted *Pro Hac Vice*
hajec@cir-usa.org
MICHAEL E. ROSMAN, admitted *Pro Hac Vice*
rosman@cir-usa.org
CENTER FOR INDIVIDUAL RIGHTS
1233 20th Street, N.W., Suite 300
Washington, DC 20036
Tel (202) 833-8400/Fax (202) 833-8410

Attorneys for Defendant
JAMES O'KEEFE III

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20 inclusive,<br><br>    Defendants. | Case No. CV 10-1422-L-MDD<br>Hon. M. James Lorenz<br><br>**DEFENDANT JAMES O'KEEFE III'S REPLY RE HIS OBJECTIONS TO THE ORDER OF U.S. MAGISTRATE JUDGE MITCHELL DEMBIN ENTERED ON SEPTEMBER 23, 2011 (DOC. NO. 43)**<br><br>**Date:** November 21, 2011<br>**Time:** 10:00 a.m.<br>**Room:** 14<br>**Judge:** Honorable M. James Lorenz |

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1), defendant James O'Keefe III, by and through his attorneys, submits the following reply on his objections to the order of U.S. Magistrate Judge Mitchell Dembin,

- 1 -

entered on September 23, 2011, relating to the parties' joint motion for determination of discovery disputes ("Order").

In the Order, Magistrate Judge Dembin ordered defendant O'Keefe to respond to plaintiff's Interrogatory No. 4, in which plaintiff requested that defendant O'Keefe list all media he had published, though the magistrate judge limited the interrogatory to the production of "a list, to the extent that it exists, of his publications related to the nonconsensual taping or recording of others" and "[c]opies of such publications, if within the Defendant's custody, possession or subject to his control." Order at 3, 12. Apparently agreeing with plaintiff's argument in the joint motion that whether defendant O'Keefe was a journalist was a relevant issue (Doc. No. 42 at 2, Order at 3), the magistrate judge concluded that plaintiff was entitled to the information requested because of its marginal relevance to defendant O'Keefe's asserted affirmative defense "based upon his First Amendment rights including freedom of the press." Order at 3.

In his objection, defendant O'Keefe pointed out that the First Amendment gives no special protection to journalists, credentialed or otherwise, and that therefore his status as a journalist, or lack thereof, was irrelevant to his First Amendment defense. Doc. No. 46 at 3. *See, e.g., Branzburg v. Hayes,* 408 U.S. 665, 704-705 (1972).

In his opposition, plaintiff quotes a statement in defendant O'Keefe's motion to dismiss on First Amendment grounds -- *viz.,* that "journalistic enterprise" involving hidden recording of misconduct, when that misconduct is of public concern, "may be essential to serve core First Amendment values" (Doc. No. 22-1 at 17) -- as proof that in this motion, defendant O'Keefe claimed to be a journalist. Doc. No. 55 ("Pl's Opp.") at 1-2. Of course, the statement shows nothing of the kind; defendant O'Keefe was making only a facial overbreadth challenge in his motion to dismiss, and was describing the chilling effect of California Penal Code § 632 on one kind of journalistic activity -- as he surely could do whether or not he

- 2 -

was, or claimed to be, a "journalist" himself.  (Likewise, defendant O'Keefe described how this law chilled motorists' First Amendment right to record a police officer at an ordinary traffic stop (Doc. No. 22-1 at 3-11), though he did not claim that plaintiff was a police officer whom he recorded at a traffic stop.)  More importantly, as reflected in the motion to dismiss, what matters for First Amendment overbreadth purposes is not whether the activity the statute chills is "journalistic," but whether it is *newsgathering* activity, which, of course, journalists and non-journalists may engage in with equal constitutional protection.  Doc. No. 22-1 at 14-17.  In short, the use of the word "journalistic" in defendant O'Keefe's motion to dismiss shows neither that one's status as a "journalist" is relevant to a First Amendment defense under this statute nor that defendant O'Keefe is or is not, or claims to be, a journalist.

The magistrate judge also ordered defendant O'Keefe to respond to plaintiff's Interrogatory No. 10 and Request for Production No. 6, in which plaintiff respectively sought the disclosure of payments defendant O'Keefe received from Andrew Breitbart and the production of correspondence between defendant O'Keefe and Breitbart, though the magistrate judge limited the disclosure to payments that "pertains (sic) to the video recording of Plaintiff" and the production to communications that "pertain to Plaintiff or to the video recording of Plaintiff." Order at 4, 6, 12.  The magistrate judge concluded that such payments and correspondence might be relevant to defendant O'Keefe's intent to record plaintiff. Order at 4, 6.

In his objection, defendant O'Keefe pointed out that whether he intended to record plaintiff is not a disputed issue in this case.  Doc. No. 46 at 4.  *See, e.g., T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (noting that one purpose of the issue-limiting role of requests to admit is to limit the need for discovery) (citing 7 James Wm. Moore, et al., *Moore's Federal Practice* § 36.02, at 36-8 to 36-9 (Matthew Bender 3d ed.1997)).  Plaintiff

makes no mention of this point in his opposition, nor does he attempt to defend the Order's rationale that payments would be relevant to "intent." Rather, he merely asserts that "[p]laintiff has the right to determine who else, if anyone, planned, supported or was involved in the commission of this tort." Pl's Opp. at 2. But he fails to explain how a request for *any* payment related to the video recording of plaintiff, *regardless of when it took place,* seeks matter reasonably calculated to lead to admissible evidence about the planning, support, or commission of the alleged tort. If plaintiff's assertion is the purported rationale for the request, it is flagrantly overbroad.

It is noteworthy in this connection, moreover, that plaintiff makes allegations in his complaint only against defendants O'Keefe and Giles, and the deadline for amending his pleadings has long since passed. Doc. No. 41 at 1 (setting deadline for amending pleadings at August 1, 2011). Nor, of course, does plaintiff perform the impossible task of explaining how the supposed actions of others relate to the narrow (and disputed) issues in this case -- most specifically, whether plaintiff had a reasonable expectation of privacy when he was recorded.

## **CONCLUSION**

For these reasons, defendant O'Keefe's objections to the magistrate judge's order should be sustained.

| | | |
|---|---|---|
| 1 | Dated: November 4, 2011 | Respectfully submitted, |
| 2 | | |
| 3 | | CENTER FOR INDIVIDUAL RIGHTS |
| 4 | | By /s/ *Christopher J. Hajec* |
| 5 | | MICHAEL E. ROSMAN  CHRISTOPHER J. HAJEC |
| 6 | | ORRICK, HERRINGTON & SUTCLIFFE LLP, |
| 7 | | Attorneys for Defendant JAMES O'KEEFE III |