1

2

3                                      `

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    JUAN CARLOS VERA,                        CASE NO. 10cv1422-L (MDD)

12                            Plaintiff,       AMENDED CASE MANAGEMENT
                                               ORDER REGULATING
13         vs.                                 DISCOVERY AND OTHER
                                               PRETRIAL PROCEEDINGS
14    JAMES O'KEEFE, III, et al.,              [Doc. No. 63]

15                            Defendant.

16

17        On December 7, 2011, Plaintiff submitted a Second *Ex Parte* Motion to Amend the Case

18   Management Order. (Doc. No. 63). Specifically, Plaintiff is seeking an extension of: a) The

19   deadline for amending the pleadings; b) Expert disclosure and rebuttal disclosure dates; c) The

20   discovery cut-off deadline; d) The motion filing deadline; and, e) Pretrial conference and related

21   dates. Defendants filed an Opposition on December 8, 2011. (Doc. Nos. 64 and 65). Defendants

22   oppose an extension of Plaintiff's deadline to file a motion to amend the pleadings and an

23   extension of the expert designation deadlines.

24        Plaintiff filed his complaint on July 8, 2010. (Doc. No. 1). The parties exchanged initial

25   disclosures in January 2011. (Doc. No. 15). Written discovery began in March 2011. (Doc. No.

26   18). Full discovery commenced July 11, 2011. (Doc. No. 41). For the reasons stated herein,

27   Plaintiff's motion is granted in part and denied in part.

28   //

1       a. <u>Motion to extend deadline to amend the pleadings</u>

2           Plaintiff's deadline to amend his complaint was August 1, 2011. In his motion, Plaintiff

3   outlines alleged difficulties obtaining discovery from Defendants which he implies is the reason he

4   lacks the information needed to amend the pleadings. Specifically, Plaintiff alleges that

5   Defendants have expressed their intention to not respond to deposition questions seeking

6   information previously held by this Court to be irrelevant in connection with a discovery dispute.

7   In particular, this Court has held that information pertaining to the involvement of third parties, if

8   any, in episodes of recording ACORN employees other than Plaintiff, is not relevant to the single

9   cause of action brought by Plaintiff for violating his right to privacy under California law. (Doc.

10  No. 43). Plaintiff claims in his motion that the Defendants' expressed intention not to answer

11  questions regarding the involvement of third parties in other recording episodes, as provided by

12  this Court's discovery Order, has hamstrung his ability to identify additional defendants. Plaintiff

13  and Defendant O'Keefe have objected to portions of the discovery Order. (Doc. Nos. 44, 46).

14  Plaintiff appears to have chosen not to pursue depositions pending a ruling by the District Court on

15  his objections. That tactical choice by Plaintiff in not sufficient grounds to provide additional time

16  to amend the pleadings. Unless and until the District Court sustains Plaintiff's objections, the

17  discovery Order is the law of the case and must be followed. Accordingly, Plaintiff's motion to

18  extend the deadline to amend the pleadings is denied.

19      b. <u>Motion to extend expert disclosure and rebuttal disclosure dates</u>

20          Plaintiff has presented no argument in support of his request to extend the expert disclosure

21  dates. Defendants note that the original deadlines for disclosure passed "without any word from

22  Plaintiff." (Gile's Opp. at 3). Indeed, the Court is concerned Plaintiff has missed the original

23  deadlines. However, since other dates are being extended by agreement, the Court will grant a

24  brief extension to allow Plaintiff to identify any experts. Because the Court is extending these

25  deadlines, Plaintiff is gaining a benefit he should not overlook. Failure to abide by the amended

26  discovery deadlines could result in Plaintiff being precluded from presenting expert testimony at

27  trial.

28

c. Motion to extend the discovery cut-off deadline

The Court finds good cause to extend the discovery cut-off date. Defendants do not oppose an extension of discovery.

d. Motion to extend the dispositive motion filing deadline and; e. Motion to continue the Pretrial Conference and related dates

After conferring with Judge Lorenz, and in conjunction with extending discovery, the Pretrial Conference and other related dates will also be extended. Therefore, the Court issues the following amended Scheduling Order:

1. The parties shall disclose the identity of their respective experts in writing by *January 6, 2012*. The date for the disclosure of the identity of rebuttal experts shall be on or before *January 20, 2012*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is <u>not</u> limited to retained experts.**

2. On or before *February 9, 2012*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before *March 9, 2012*.

4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All discovery, including experts, shall be completed by all parties on or before ***April***

*9, 2012*. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

6.      A Mandatory Settlement Conference shall be conducted on ***April 27, 2012*** at ***9:30 a.m.*** in the chambers of Magistrate Judge Mitchell Dembin. Counsel shall submit settlement briefs **directly** to chambers no later than *April 23, 2012*.  The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments. All parties and claims adjusters for insured defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference.  **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

7.      All other pretrial motions must be filed on or before *May 7, 2012*.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Failure to make a timely request a motion date may result in the motion not being heard.

8.      Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *July 2, 2012*.

9.      Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or

before *July 9, 2012*.

      10.    Objections to Pre-trial disclosures shall be filed no later *than July 16, 2012.*

      11.    The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged on or *before July 16, 2012.* The Pretrial Order shall include a summary description of the case that can be read to the jury.

      12.    The final Pretrial Conference is scheduled on the calendar of **Judge Lorenz** on ***July 23, 2012*** at ***11:00 a.m.***. The trial will be scheduled at the Pretrial Conference.

      13.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

      14.    The dates and times set forth herein will not be modified except for good cause shown.

      15.    Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

      16.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

DATED: December 14, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge

10cv1422-L (MDD)