1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11  JUAN CARLOS VERA,                    )   Civil No. 10cv1422 L (MDD)
                                         )
12              Plaintiff,               )   **ORDER OVERRULING**
                                         )   **PLAINTIFF'S OBJECTIONS [doc.**
13  v.                                   )   **#44]; and OVERRULING**
                                         )   **O'KEEFE'S OBJECTION TO**
14  JAMES O'KEEFE III and HANNAH         )   **MAGISTRATE JUDGE'S ORDERS**
    GILES,                               )   **[doc. #46]**
15                                       )
                Defendants.              )
16  _____  )

17        On September 15, 2011, the parties jointly moved for determination discoveries disputes

18  that had occurred in this action. Plaintiff had served both defendants with request for production

19  of documents, interrogatories, and requests for admissions. The defendants refused to answer

20  certain of the requests and refused to provide some documents. In their joint motion, the parties

21  set forth their positions and no further briefing was filed. On September 23, 2011, the magistrate

22  judge issued an Order.

23        Plaintiff objects to portions of the magistrate judge's order that denied in part his motion

24  to compel certain discovery requests, and defendant O'Keefe objects to two portions of the

25  magistrate judge's Order of September 23, 2011. [doc. #43] The objections have been fully

26  briefed and are considered on the papers submitted.

27  **I.      STANDARD OF REVIEW**

28        A party may object to a non-dispositive pretrial order of a magistrate judge within

fourteen days after service of the order. *See* FED. R. CIV. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed., 2010 update). "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686. "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07–4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## II.   Background

The following facts are set forth in the Complaint. Plaintiff was employed by ACORN (Association of Community Organizations for Reform Now), in its National City, California office. On August 18, 2009, defendants O'Keefe and Giles visited this ACORN office. Plaintiff alleges that O'Keefe and Giles conspired to secretly video and audio tape Vera at the ACORN office. O'Keefe and Giles are alleged to have asked Vera if their conversation would be confidential and Vera indicated that it would be.

The Complaint alleges a sole cause of action against both defendants: violation of California Invasion of Privacy Act, Penal Code § 632, eavesdropping on or recording confidential communications. The statute makes it unlawful to record the oral communication of

a person who has not consented to being recorded, where the person has an objectively reasonable expectation that the communication is not being overheard or recorded. "An actionable violation of section 632 occurs the moment the surreptitious recording is made, whether it is disclosed or not." *Lieberman v. KCOP Television, Inc.*, 110 Cal. App.4th 156, 166 (Cal. Ct. App. 2003) (citing *Friddle v. Epstein,* 16 Cal. App. 4th 1649, 1660-1661 (1993).

The Court notes that the Complaint names Doe defendants but no actions are alleged to have been engaged in by the Doe defendants.

**III.   Plaintiff's Objections**

Plaintiff Vera contends that the magistrate judge applied the wrong legal standard, confused the issue of relevance at trial with discoverability; and applied "an antedivuvian conception of the proper scope of the discovery process," with respect to an interrogatory and several requests for production of documents. (Pltf's Obj. at 1.)

Federal Rule of Civil Procedure 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identify and location of person who know of any discoverable matter.

FED. R. CIV. P. 26(b)(1).

The court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections," *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009), and are "required to carry a heavy burden of showing" why discovery should be

denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.* In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Under Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." FED. R. CIV. P. 37(a)(3)(B)(iv).

Discovery is not limited to the issues raised in the pleadings and many factual issues may arise during discovery that may not necessarily be related to the merits of the case. *See Oppenheimer Fund*, 437 U.S. at 351. In this way, "[d]iscovery itself is designed to help define and clarify the issues." *Id.* But discovery is not unlimited. *See Hickman*, 329 U.S. at 507 (stating that "discovery, like all matters of procedure, has ultimate and necessary boundaries"). "Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund*, 437 U.S. at 351-52.

The Court first notes that the magistrate judge clearly stated the correct legal standard for obtaining discovery under Rules 26 and 34. The issue is whether the magistrate judge's factual findings were clearly erroneous.

Plaintiff argues that the magistrate judge adopted the defendant's position that the only relevant information in this case concerns what is alleged in the complaint, *i.e.,* what the named defendants did in recording plaintiff rather than any possible larger scheme of recording other ACORN employees. In seeking discovery of information that is not even hinted at in the Complaint, plaintiff contends that the recording of plaintiff was a mere part of a common

scheme to harm ACORN and the "entire plan to record ACORN employees is relevant to the case and subject to discovery." Joint Motion, Ps&As at 4. Plaintiff also asserts that the discovery is intended to identify the potential Doe defendants and those who participated in the planning, financing and executing of the illegal recording of plaintiff and others associated with ACORN throughout the United States.

In challenging plaintiff's arguments, defendants assert the discovery sought has no apparent bearing on either liability or damages based on the Complaint. Therefore, any and all unalleged conduct related to ACORN in the larger context is immaterial to the incident set forth in the Complaint and discovery concerning such conduct is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence. Further, defendant argues that discovery is intended "to flesh out claims, not search for new ones." (Jt. Mtn, Ps&As at 8, quoting *Feigel v. FDIC*, 9356 F. Supp. 1090, 1101, n.7 (S.D. Cal. 1996)). Accordingl to defendants, by seeking information that is well outside the scope of the Complaint, plaintiff is looking to uncover additional violations or claims against unnamed individuals and defendants.

### A.      Interrogatory No. 7

Plaintiff seeks in this interrogatory all expenses incurred in the recordings and interviews of *all* ACORN employees and not just plaintiff. Defendant O'Keefe, and the magistrate judge, found this interrogatory to be overbroad and irrelevant. Returning to the legal standard, relevance, interpreted broadly, includes "any matter that bears on, or that reasonably could lead to other [information] that could bear on, any issue that is or may be in the case."

Interpreting relevancy very broadly, plaintiff has failed to demonstrate that the information concerning expenses for *all* ACORN employee interviews is relevant to plaintiff's single claim for Invasion of Privacy Act under California Penal Code § 632 as it relates to Plaintiff Vera. There are no allegations in the Complaint whatsoever of concerted effort or overall plan or scheme by defendants or the Doe defendants that suggest that this interrogatory was reasonably calculated to lead to the discovery of admissible evidence within the scope of Rule 26(b)(1). Even when "relevance" is interpreted broadly to include "any matter that bears on, or that reasonable could lead to other [information] that could bear on, any issue that is or

may be in the case," there must be some basis to support discovery that is

Here, the Complaint is very narrowly drawn. Generally discovery is not so circumscribed that inquiry into information beyond the allegations of the complaint is radically limited. But because plaintiff has not alleged in the meekest of fashion a scheme in the Complaint and his reference to a grand plan to embarrass ACORN in seeking discovery does not define or clarify the claim asserted or any elements of the claim, the Court cannot find that the magistrate judge's decision was clearly erroneous. Accordingly, Plaintiff's objection is OVERRULED**.**

### B.      Requests for Production Nos. 3, 4, 8, 9, 10, 12

All of plaintiff's requests for production[1] focus on a purported scheme of defendants O'Keefe and Giles and unnamed others who secretly recorded or funded the recording of ACORN employees. Plaintiff alleges this information would demonstrates a pattern of impropriety on the part of defendants. Further, plaintiff contends the inquiries into defendants' broader activities in California and throughout the United States related to ACORN are relevant because the recording of Vera took place in the context of a scheme to embarrass ACORN nationwide.

But as defendants point out, and the magistrate judge acknowledged, the larger scheme asserted by plaintiff in seeking information is neither an element of the single claim brought in the Complaint nor a basis for defenses. Plaintiff has not provided a sufficient statement of why a pattern of impropriety or the context of an unalleged scheme is relevant or would lead to

---

[1]      The Requests for Production seek the following information:

**No. 3**: "any and all unedited and unredacted video and audio recordings of your conversations with any and all Association of Community Organizations for Reform Now (ACORN) employees."

**No. 4**: "any and all unedited and unredacted video and audio recordings taken in preparation for, or in conjunction with, your conversations with any and all ACORN employees"

**No. 8**: "any and all writings, documents, communications or correspondence, including electronically recorded information, exchanged, sent, or received by you regarding your efforts to record and the actual recording of conversations with ACORN employees between January 1, 2009 to December 31, 2009."

**No. 9**: "Any and all documents regarding expenses incurred by you in preparation, planning, execution and publication of your recording of conversations with ACORN employees from January 1, 2009 to December 31, 2009."

**No. 10**: "any and all documents, including receipts and bank account statements, regarding expenses incurred by you for travel to and through the State of California in August 2009."

**No. 12**: "Any and all telephone bills from June 2009 to November 2009 for any and all telephones you used."

1    admissible evidence at trial. Such discovery would not define or clarify the issues presented in

2    the claim but instead appears to be an attempt to find or create new causes of action.

3        Additionally, the magistrate judge found that certain requests were overbroad in that they

4    were not limited to plaintiff and the incident alleged in the Complaint. *See e.g.,* Order at 7 re:

5    Requests for Production Nos. 9, 10. Because those requests were directed to the general scheme

6    plaintiff now asserts in seeking discovery, under a relevancy lens, they are overbroad.

7        The magistrate judge concluded that discovery of a nationwide scheme of conduct is not a

8    part of the current complaint, nor has plaintiff met his burden of establishing that his requests

9    satisfy the relevancy requirements of Rule 26(b)(1). In other words, plaintiff has not made a

10   sufficient showing that such requests would lead to admissible evidence in this litigation that is,

11   in sum, an allegation of a single statutory violation. Certainly, information that addresses the

12   claim and potential defenses at issue in the action, even tangentially, would be relevant but

13   without a reasonable explanation for much more expansive discovery into what appears to be

14   extraneous facts, the materials plaintiff seeks are overbroad and beyond the scope of relevancy

15   as that term is understood. As the magistrate judge noted "[i]nteractions with other ACORN

16   employees are not at issue except to the extent that such information pertains to the recording of

17   Plaintiff." Order at 11.

18       The Court finds the magistrate judge's ruling on plaintiff's various Requests for

19   Production based on relevancy and overbreath is not clearly erroneous. In reviewing the

20   discovery order, the Court does not have a definite and firm conviction that a mistake has been

21   committed.

22       Plaintiff also argues that the requested Requests for Production would assist in naming

23   the Doe defendants, *i.e.*, discovering those person or persons "who knowingly aided, assisted or

24   encouraged the defendants with knowledge of their illegal recording scheme." Plaintiff Obj. at 9.

25       "As a general rule, the use of 'John Doe' to identify a defendant is not favored," *Gillespie*

26   *v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980); however, it is not prohibited in federal practice."

27   Doe defendants may be necessary in situations where the plaintiff has stated a valid claim but

28   needs discovery in order to identify the proper defendant. *See Wakefield v. Thompson*, 177 F.3d

1160, 1163 (9th Cir.1999). Here, plaintiff names only two defendants and fails to allege
wrongdoing by any of the Doe defendants. The Complaint provides no clue as to the identities of
the Doe defendants or what the claim or claims would be asserted against them.

Plaintiff could have sought expedited discovery to identify the Doe defendants' true
identities but has not done so. The Requests for Production do not provide a basis for plaintiff to
amend the complaint to name Doe defendants when no allegations have been made to suggest
the Doe defendants engaged in the acts asserted in the Complaint. As previously noted, civil
discovery is not intended to develop other claims. In other words,"[d]iscovery must be narrowly
tailored and must not be a fishing expedition." *Zewdu v. Citigroup Long Term Disability Plan*,
264 F.R.D. 622, 626 (N.D.Cal.2010) (citing *Groom v. Standard Ins. Co.*, 492 F.Supp.2d 1202,
1205 (C.D. Cal.2007)

Again, the Court must conclude that the magistrate judge's determination that the
Requests for Production would not reveal other parties involved in the planning of the secret
recording of plaintiff that is alleged in the Complaint is not clearly erroneous.

Based on the foregoing, Plaintiff's objections to the Discovery Order are OVERRULED.

**IV.   O'Keefe's Objections**

Defendant O'Keefe objections to plaintiff's Interrogatory No. 4 that requests that
O'Keefe list all media he had published related to the nonconsensual recording of others.
O'Keefe contends that the magistrate judge erred in requiring the list and copies of such
publications because the information is not relevant with respect to whether O'Keefe has a First
Amendment defense.

At this stage of the litigation, O'Keefe's defenses are not fixed. Any plaintiff should have
the opportunity to explore all potential defenses a defendant may bring. Disclosure of O'Keefe's
writings and publications may lead to the discovery of relevant and admissible evidence at trial
as the magistrate judge found. Accordingly, the magistrate judge's decision is not clearly
erroneous in this respect.

In objecting to the magistrate judge's order directed to plaintiff's Interrogatory No. 10
and Request for Production No. 6 that requires O'Keefe to disclose any payments made by

10cv1422

Andrew Breitbart or any related entity which pertains to the video recording of plaintiff and to produce all nonpriviledged communications between defendant and Breitbart that pertains to plaintiff or the video recording of plaintiff, O'Keefe contends that any payments made or conversations had are private matters that have no relevance to the cause of action.

The magistrate judge concluded that the information is relevant to defendant's intent under Penal Code § 632. In his objection, O'Keefe states that there is "no dispute that O'Keefe intentionally recorded plaintiff." O'Keefe's Obj. at 4, citing O'Keefe's Answer to the Comp. Notwithstanding O'Keefe's admission as to an element of the statute, the magistrate judge did not err in allowing the inquiry into payments and nonprivileged communications between defendant and Breitbart. Additional information concerning the formation of defendant's intent to record plaintiff is clearly relevant and not overbroad to plaintiff's claim.

Based on the foregoing, **IT IS ORDERED:**

1.      Plaintiff's objections to the magistrate judge's Order are **OVERRULED**; and

2.      Defendant O'Keefe's objections to the magistrate judge's Order are **OVERRULED**.

      **IT IS SO ORDERED.**

DATED:  March 15, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

ON. MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

10cv1422