1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11   JUAN CARLOS VERA ,                                         CASE NO. 10cv1422-L (MDD)

12                                      Plaintiff,              ORDER DENYING PLAINTIFF'S
                                                               MOTION TO QUASH THIRD
13         vs.                                                 PARTY SUBPOENAS OR FOR A
                                                               PROTECTIVE ORDER
14   JAMES O'KEEFE III, et al.,
                                                               [DOC. NO. 69]
15                                     Defendants.

16

17        Before the Court is Plaintiff's motion to quash third party subpoenas or, in the

18   alternative, for a protective order, filed on March 12, 2012. (Doc. No. 69).  Defendant

19   Giles responded on March 15, 2012. (Doc. No. 71).  The subpoenas were issued pursuant

20   to Fed.R.Civ.P. 45 for the deposition testimony of Mr. Acosta and Mr. Lagstein.  The

21   subpoena for Mr. Lagstein included a demand for production of documents.  The

22   depositions are scheduled for Monday, March 19, 2012, in San Diego.

23        Plaintiff asserts that his counsel was not given adequate notice of the depositions,

24   is not available on March 19 and notified counsel for Defendants of his unavailability on

25   that date prior to the date being selected.  Defendant claims that the notice provided was

26   adequate, that counsel for Plaintiff did not specifically exclude March 19 prior to its

27   selection and that, in any event, Plaintiff lacks standing to move to quash the subpoenas

28   under Rule 45(c)(3).  Plaintiff and Defendant have submitted copies of their

- 1 -                                                          10cv1422-L (MDD)

1  correspondence as exhibits in support of their respective positions.  For the reasons

2  provided below, Plaintiff's motion is **DENIED**.

3  <u>Discussion</u>

4  As a preliminary matter, the Court finds that Plaintiff lacks standing to quash the

5  subpoenas under Rule 45.  Rule  45(c)(3) governs motions to quash or modify a subpoena.

6  It provides that a court must modify or quash a subpoena that fails to allow a reasonable

7  time to comply; requires a non-party to travel more than 100 miles (except for trial

8  within the state); requires disclosure of privileged materials; or, subjects a person to

9  undue  burden.  *See*  Fed.R.Civ.P.  45(c)(3)(A)(i-iv).   The  Rule  also  provides  for  the

10  circumstances in which a court may modify or quash a subpoena.  Those circumstances

11  are when the subpoena requires disclosure of trade secrets; disclosure of certain expert

12  opinions; or, requires a non-party to incur substantial expense to travel more than 100

13  miles to attend a trial.  *See* Rule 45(c)(3)(B)(i-iii).

14  Courts have consistently provided that, as a general rule, "a party has no standing

15  to quash a subpoena served upon a third party, except as to privilege." *See, e.g.*

16  *Deployment Medicine Consultants, Inc., v. Pipes, et al.,* 2011 WL 811579 \*2 (S.D. Cal.

17  March 2, 2011); *In re Remec, Inc. Securities Litigation,* 2008 WL 2282647 \*2 (S.D. Cal.

18  May 30, 2008).  Plaintiff has not alleged that the taking of these depositions nor the

19  disclosure of the attendant subpoenaed materials involve disclosure of privileged or

20  private information or otherwise imposes any burden within the scope of Rule 45(c)(3).

21  Accordingly, Plaintiff lacks standing to move to quash these subpoenas.

22  Plaintiff also claims to have received inadequate notice of the depositions, under

23  Rule 45, relying upon Rule 45(b)(1), which requires that prior to serving a subpoena

24  requiring the production of documents, a party must provide notice to all other parties.

25  In this case, Plaintiff was notified of the subpoenas, one for deposition and one for

26  deposition with production of documents, after they were served.  Defendant claims that

27  the pre-serving notice requirement of Rule 45(b)(1) applies only where the subpoena

28  seeks production of documents independently of a deposition relying upon the Advisory

1  Committee Notes to the 1991 Amendments to Rule 45.  Defendant further asserts that

2  the notice of deposition required under Rule 30(b), which includes a provision regarding

3  the simultaneous production of documents, is all that is required.

4       The Court finds that Defendant has the better of the argument.  The Advisory

5  Committee Notes to the 1991 Amendments, which added the notice requirement to Rule

6  45(b)(1), states:

7              A provision requiring service of prior notice pursuant to
             Rule 5 of compulsory pretrial production or inspection
8              has been added to paragraph (b)(1). The purpose of such
             notice is to afford other parties an opportunity to object
9              to the production or inspection, or to serve a demand for
             additional documents or things. *Such additional notice is*
10             *not needed with respect to a deposition because of the*
             *notice imposed by rule 30 or 31.* But when production or
11             inspection is sought independently of a deposition, other
             parties may need notice in order to monitor the discovery
12             and in order to pursue access to any information that may
             or should be produced.
13

14 (Emphasis added).  Accordingly, the Court finds that Plaintiff was not entitled to pre-

15 service notice of the deposition subpoena issued to Mr. Lagstein which also required

16 the simultaneous production of documents.  Plaintiff's further argument, that he was

17 entitled to 14 days notice of the Lagstein deposition under Rule 45(c)(2)(B) is

18 similarly unavailing.  By its terms, the Rule provides 14 days for the person

19 commanded to produce documents - Mr. Lagstein - to object to the production.  He has

20 not done so and, as discussed above, Plaintiff is without standing to move to quash or

21 modify the Lagstein subpoena.

22      Plaintiff also claims that he received inadequate notice of the depositions

23 under Rule 30(b).  Rule 30(b) requires "reasonable written notice" to every other

24 party.  The notice here was provided on March 7, 2012, twelve (12) days prior to the

25 scheduled depositions on March 19, 2012.  The Court finds that there was

26 considerable discussion between counsel about scheduling all of the San Diego

27 depositions in the same time period.  The deposition of Plaintiff is scheduled for

28 March 20, 2012, in San Diego.   Defendant asserts that the notice was reasonable.

1 This Court finds that twelve days notice of the depositions of these third-party

2 witnesses, neither of which is asserted to be lengthy or complex, is sufficient notice

3 under the Rule.

4 More troubling is Plaintiff's motion for a protective order. Regardless of the

5 Court's rulings regarding compliance with Rules 45 and 30, the Court has the

6 authority under Rule 26(c)(1) to enter orders, for good cause, to protect a party from

7 annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff claims

8 that Defendant was on notice that Plaintiff's counsel was not available on March 19

9 and that the Court should not condone this type of oppressive behavior. Defendant

10 claims that it was not informed of counsel's unavailability until after notifying

11 counsel of the depositions.

12 Plaintiff's counsel asserts that he told counsel for Defendants that he would

13 not be available on March 19 when he proposed to them, by email, various dates in

14 February, March and April for the deposition of Plaintiff. According to counsel for

15 Plaintiff, the dates that he proposed were February 20, 24; March 22, 23, 26, 27, 29

16 and 30; and April 3-5. The email was not produced. Defendant claims that the first

17 notice she received of counsel's unavailability on March 19 was by letter dated March

18 7. (Doc. No. 71, Exh. 9). The letter supports the view that counsel for Plaintiff did

19 not previously notify counsel for Defendants of his unavailability on March 19.

20 Specifically, in his letter, counsel for Plaintiff stated: "I am informed that you

21 subpoenaed Mr. Lagstein for a deposition on March 19, 2012. *No one had consulted*

22 *me regarding my availability on that date.*" (Emphasis added). Had counsel for

23 Plaintiff previously told counsel for Defendants that he was not available on the 19th,

24 it would have been logical to remind them of it in his letter.

25 Moreover, if counsel for Plaintiff is claiming that by not including March 19 as

26 an available date for the deposition of Plaintiff he impliedly was putting counsel for

27 Defendants on notice of his unavailability, that assertion is undermined by the fact

28 that the deposition of Plaintiff later was scheduled for March 20, a date also not

10cv1422-L (MDD)

1  mentioned in the February 13 email.  No objection has been raised regarding the

2  deposition on the 20th.

3  Finally, a review of the docket and correspondence reveals that counsel for

4  Plaintiff has had co-counsel in this case.  Plaintiff's firm is identified as Iredale &

5  Yoo. Attorney Julia Yoo has appeared with Mr. Iredale according to the docket in this

6  case.  (Doc. Nos. 14, 17, 35).  Ms. Yoo appears to have authored and sent the email

7  agreeing to the deposition of Plaintiff on March 20.  (Doc. No. 71, Exh. 8).  Plaintiff's

8  counsel has not explained why she cannot cover these depositions on March 19.

9  Accordingly, the Court does not find good cause to enter a protective order in

10  this case requiring the depositions of Messrs. Lagstein and Acosta to be rescheduled.

11  Conclusion

12  For the foregoing reasons, Plaintiff's motion to quash or for a protective order

13  is **DENIED**.  The depositions scheduled for March 19, 2012, will proceed absent an

14  Order to the contrary from the District Judge assigned to this case.  Merely lodging

15  an objection to this Order will not serve to stay the depositions.

16  **IT IS SO ORDERED.**

17  DATED: March 16, 2012

18

19  Hon. Mitchell D. Dembin
    U.S. Magistrate Judge

20

21

22

23

24

25

26

27

28