MICHAEL J. MADIGAN (admitted *pro hac vice*)
BROOKE DALEY (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone:   202-339-8400
Facsimile:   202-339-8500

ERIC GRESSLER (SBN 186674)
egressler@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017-5855
Telephone:   213-629-2020
Facsimile:   213-612-2499

Attorneys for Defendant
JAMES O'KEEFE III

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA,<br><br>     Plaintiff,<br><br>     v.<br><br>JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20, inclusive,<br><br>     Defendants. | Case No. CV 10-1422-L-MDD<br>Hon. M. James Lorenz, Judge<br><br>**STATEMENT OF COUNSEL FOR DEFENDANT JAMES O KEEFE III IN RESPONSE TO ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED**<br><br>Pre-Trial Conference: November 5, 2012<br><br>Time: 11:00 a.m. |

1    Counsel for Defendant James O'Keefe III ("O'Keefe") hereby respectfully submits this
2    Statement to the Honorable M. James Lorenz, in response to this court's October 10, 2012 Order
3    to Show Cause why sanctions should not be imposed. At the outset, we apologize for the events
4    described below which led to our misunderstanding of the correct due date for the Pretrial Order.
5    Both parties in this case mistakenly calendared the due date for the Pre-Trial Order under
6    the Local Rules, rather than the earlier date set forth in the Court's August 9th Order. Based upon
7    that error, Plaintiff's counsel and Defendant's counsel lodged the proposed Pre-Trial Order with
8    the Court on October 5, 2012. As to Defendant's counsel, the due date for the Pretrial Order was
9    calculated, incorrectly, by our Firm's calendaring department to be October 5, not October 1. We
10   describe how that happened below.
11   What occurred, as to Defendant's counsel, was that this Court's August 9 Order was
12   submitted to the firm's calendaring department pursuant to Orrick's firm-wide process. The
13   Pretrial Conference date of October 15, 2012 was correctly entered in the calendaring system.
14   However, the October 1st deadline for submission of the proposed Pre-Trial Order was <u>not</u>
15   <u>entered</u> <u>correctly</u>. As a result of the failure to calendar the October 1 date, the deadline for
16   submission of the Pre-Trial order was calculated as October 5 based upon the local rules.
17   (Attached as Exhibit A is a copy of the firm calendar notifications that we received).
18   Independently, Plaintiff's counsel Mr. Iredale was also operating with an understanding
19   that the Pretrial Order was due on October 5 not October 1. Therefore, pursuant to the local rules
20   on October 1st, Plaintiff's counsel provided Defendant's counsel with the proposed Pre-Trial
21   Order for review and approval. On October 4th, Defendant's counsel provided its edits to
22   Plaintiff's counsel, and Plaintiff's counsel lodged the proposed Pre-Trial Order on October 5th,
23   which both parties believed in good faith was the correct due date. At no point before this
24   Court's issuance of the Order to Show Cause did either counsel for Plaintiff or Defendant realize
25   that they were operating under the wrong deadline and that the October 5th deadline for
26   submission of the Pre-Trial Order under the Local Rules was erroneous.
27   Ironically, the firm-wide calendaring system which tracks all pending litigation and
28   provides reminders to the lawyers involved as to when various filings (Answers, Motions, etc.)

1 are due generated the incorrect date of October 5 rather than October 1.

2 On October 5th at 3:46 p.m. PST, Plaintiff's counsel, who is responsible for submission of the proposed pretrial order (LR 16.1(6)(b)), copied Defendant's counsel on the email lodging the Pre-Trial Order with this Court as required by LR 16.1(6)(b). Based upon that email, it appeared that the document was properly lodged as it was addressed to Judge Lorenz (efile_lorenz@casd.uscourts.gov) and complied with the local rules and instructions regarding lodging proposed orders. Nonetheless, the Pretrial Order apparently did not reach this Court as noted in this Court's Order to Show Cause of October 10.

Based on these circumstances and reasons set forth above, we respectfully request that the Court not impose sanctions. This error was not deliberate – it was the result of calendaring the dates for submission based on the Local Rules and October 15th Pre-Trial Conference date while overlooking the October 1st deadline. Notwithstanding the tickler calendar notice we received, counsel for defendant should have independently compared the August 9th Order against the calendar Notice they received and noticed the discrepancy. We again apologize for this mistake on our part. We will promptly submit the proposed joint Pre-Trial Order on or before October 22, 2012, in anticipation of the final Pre-Trial Conference on November 5, 2012 at 11:00 a.m.

Respectfully submitted,

Dated: October 15, 2012  /s/ Michael J. Madigan

MICHAEL J. MADIGAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

Attorney for Defendant James O'Keefe III

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on the 15th day of October, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Eugene G Iredale
Law Office of Eugene G Iredale
105 West F Street
4th Floor
San Diego, CA 92101-6036
Attorney for Plaintiff Juan Carlos Vera

           /s/ Michael Madigan

Attorney for Defendant James O'Keefe III
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, N.W.
Washington, D.C. 20005
Telephone: 202-339-8400
Facsimile: 202-339-8500
Email: mmadigan@orrick.com