UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VERA,<br><br>       Plaintiff,<br><br>v.<br><br>JAMES O'KEEFE III and HANNAH GILES,<br><br>       Defendants. | Civil No. 10cv1422 L (MDD)<br><br>**ORDER RE: SANCTIONS** |

The Court's August 9, 2012 Order denied defendant O'Keefe's motion for summary judgment and set a final pretrial conference for October 15, 2012. [doc. #95] That Order also required the proposed pretrial order be submitted on or before October 1, 2012. Because the parties did not submit or seek additional time in which to submit the joint proposed pretrial order, the Court vacated the October 15, 2012 pretrial conference and ordered the parties to file a statement of cause why monetary sanctions should not be imposed for the failure to comply with the Court's August 9, 2012 Order.

In response to the order to show cause, the parties each indicated that they relied on the date for submission of proposed pretrial orders found in the Civil Local Rules rather than the date provided in the Court's Order.

*Pioneer Investment Services Company v. Brunswick Associates* established a balancing test to determine whether an untimely filing is due to excusable neglect. 507 U.S. 380, 395

(1993); *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*). The determination whether neglect is excusable is an equitable one that depends on at least four factors:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay*, 389 F.3d at 855 (citing *Pioneer*, 507 U.S. at 395).

Here there is no danger of prejudice to either party. The delay in submitting the proposed pretrial order was brief but required the Court to reschedule the final pretrial conference date. The parties' untimely submission appears to have been inadvertent and based on counsel's failure to properly calendar the date set forth in the Court's Order. The error was clearly within the reasonable control of counsel. Nevertheless, the conduct does not appear to have been made in bad faith but rather was based on a cursory reading of the Court's Order with the subsequent failure to properly calendar the correct date found in the Order.

On balance, the Court finds counsel's neglect to be excusable. Accordingly, no sanctions will be imposed for the late submission of the proposed pretrial order.

**IT IS SO ORDERED.**

DATED: October 25, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:

MITCHELL D. DEMBIN
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL