Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
IREDALE and YOO, APC
105 West "F" Street, Fourth Floor
San Diego, California  92101-6036
Telephone:  619.233.1525
Facsimile:   619.233.3221

Attorneys for plaintiff
Juan Carlos Vera

# UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA
(Honorable M. James Lorenz)

| | |
|---|---|
| JUAN CARLOS VERA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES O'KEEFE III, an individual, HANNAH GILES, an individual, and DOES 1-20 inclusive,<br><br>Defendants. | Case No.   10-cv-01422-L-MDD<br><br>NOTICE OF SETTLEMENT |

Plaintiff Juan Carlos Vera files the attached Settlement Agreement, which has been executed by all parties. He will file a joint motion for dismissal at a later time, in accordance with the terms of the agreement.

Respectfully submitted,

Dated:  March 7, 2013

/s/   Eugene G. Iredale
EUGENE G. IREDALE
JULIA YOO
Attorneys for Plaintiff
JUAN CARLOS VERA

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between (i) JUAN CARLOS VERA ("Vera"), and (ii) JAMES O'KEEFE III ("O'Keefe"). Vera and O'Keefe are collectively referred to herein as the "Parties."

RECITALS

The Parties enter into this Agreement in light of the following facts:

A. Vera commenced litigation against O'Keefe regarding allegations that O'Keefe and Hannah Giles ("Giles") recorded conversations among Vera, O'Keefe and Giles that took place on August 18, 2009 in or near the ACORN office in National City, California and the recordings' subsequent dissemination. Vera further alleged that the recordings were made without his consent and in violation of California law. That litigation is pending in the United States District Court, Southern District of California before District Court Judge M. James Lorenz, Case No. 10-cv-01422-L-MDD ("Litigation").

B. The Parties have agreed to compromise and resolve, fully and finally, any and all disputes and differences arising from the Litigation and/or that arise out of or relate in any manner to the recorded conversations among Vera, O'Keefe and Giles that took place on August 18, 2009 in or near the ACORN office in National City, California and the recordings' subsequent dissemination on the terms and conditions set forth herein.

AGREEMENT

In full and final settlement of said Litigation, O'Keefe will pay Vera $100,000.00 by check payable to Eugene Iredale, Attorney-Client Trust Account. O'Keefe, through his counsel Michael Madigan, will deliver to counsel for Vera that check within 30 business days of this Agreement's being signed by the Parties and the delivery of a completed Request for Taxpayer Identification Number and Certification (IRS Form W-9) to counsel for O'Keefe.

Within five days of the receipt of the check by Vera's counsel, Vera shall cause the dismissal, with prejudice, of the Litigation against O'Keefe by filing and serving the Joint Motion for Voluntary Dismissal of Claims Against Defendant James O'Keefe with Prejudice Pursuant to F.R.C.P. 41(a)(2) (attached to this Settlement Agreement and Release as Exhibit A) and take any subsequent actions necessary to assure the dismissal of the Litigation. Vera and O'Keefe each agree bear their own fees and costs, as set forth in Exhibit A.

As part of this settlement O'Keefe states that at the time of the publication of the video of

Juan Carlos Vera he was unaware of Vera's claim to have notified a police officer of the incident. O'Keefe regrets any pain suffered by Mr. Vera or his family.

Vera, on behalf of himself and his agents, attorneys, representatives, assigns, spouse, heirs, and members of his family, hereby releases and forever discharges O'Keefe and his agents, attorneys, representatives, assigns, heirs and other individuals and/or entities who may be deemed to act or have acted, or who may be deemed to act in the future, on their behalf (collectively, the "Releasees"), from any and all actions, causes of action, suits, charges, complaints, claims, liabilities, obligations, promises, contracts, agreements, controversies, damages, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, fixed or contingent, and all present and future payment obligations, promises, damages, expenses and/or losses whatsoever, which they ever had, now have, or hereafter may have against the Releasees that arise out of or relate in any manner to the recorded conversations among Vera, O'Keefe and Giles that took place on August 18, 2009 in or near the ACORN office in National City, California and the recordings' subsequent dissemination.

The Parties hereby represent that they are aware of the provisions of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Parties expressly, knowingly and voluntarily waive and relinquish any and all rights they may have under the provisions of section 1542 of the California Civil Code. In waiving the provisions of section 1542, the Parties acknowledge that they may hereafter discover facts in addition to or different from those which they now believe to be true with respect to the Litigation, but agree that they have taken that possibility into account in entering into this Agreement and that the Agreement given herein shall be and remain in effect as a full, complete and general release notwithstanding the discovery or existence of any such additional or different facts regarding said Litigation.

It is fully understood and agreed by the Parties that this is a settlement of a disputed claim and it is in no way representative of any actual or implied admissions of liability regarding the to the recorded conversations among Vera, O'Keefe and Giles that took place on August 18, 2009 in or near the ACORN office in National City, California and the recordings' subsequent dissemination,

but is executed solely to avoid costs and risks of potential litigation.

The Parties understand that this Agreement is the entire, complete and only understanding and agreement between them, and there are no independent, collateral, different, additional or other understandings or agreements, oral or written, other than as set forth herein. No promises, inducements, or other consideration, other than the provisions and obligations specifically stated herein, have been made or agreed upon. This Agreement can be amended only by a writing signed by all of the Parties.

Each Party has been represented by counsel of its choice. The undersigned acknowledge and represent that they have read this Agreement and consulted with their respective attorneys concerning its contents and consequences, and that the Agreement is being executed solely in reliance on their respective judgments, beliefs and knowledge of the matters set forth herein and on advice of their respective attorneys.

The rule of contract construction to the effect that an agreement shall be construed against the draftsman thereof shall have no application to this Agreement. In the event any provision of this Agreement is held unenforceable or invalid, the remaining provisions will nevertheless be given full effect, unless ineffectiveness or invalidity of one or more of the provisions would operate as a failure of consideration or materially alter the benefits intended hereby.

Should any action be required or undertaken to enforce the provisions of this Agreement, the prevailing party shall be entitled to recover all costs and/or expenses, including reasonable attorneys' fees, incurred thereby.

This Agreement shall in all respects be interpreted, enforced and governed by the laws of the State of California.

This Agreement may be executed by facsimile and in two or more counterparts and all so executed shall constitute one agreement, binding upon all the Parties, notwithstanding that all of the Parties have not executed the original or the same counterpart.

This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the entire subject matter hereof, and any and all prior discussions, negotiations, commitments, or understandings related thereto, if any, are hereby merged herein. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Agreement, have been made by any Party. No other agreements not specifically contained or referenced herein, oral or otherwise, shall be deemed to exist or to bind any of the Parties.

Dated: 5/03/13

JUAN CARLOS VERA

Dated: 3/5/2013

IREDALE AND YOO, APC

By: _____
EUGENE G. IREDALE, Attorneys for
Plaintiff Juan Carlos Vera

Dated 3-5-13

JAMES O'KEEFE, III

Dated 3-5-2013

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
MICHAEL J. MADIGAN, Attorneys for
Defendant James O'Keefe, III

Dated: _____

JUAN CARLOS VERA

Dated: _____

IREDALE AND YOO, APC

By: _____
EUGENE G. IREDALE, Attorneys for
Plaintiff Juan Carlos Vera

Dated 3-5-13

_____
JAMES O'KEEFE, III

Dated 3-5-2013

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
MICHAEL J. MADIGAN, Attorneys for
Defendant James O'Keefe, III

*Juan Carlos Vera, an individual v. James O'Keefe, III, an individual, et al.*
U.S. District Court, Southern District of California Case No. 10-CV-01422-L-MDD

## DECLARATION AND PROOF OF SERVICE

I, Veronica Sanchez, hereby declare as follows:

I am over the age of 18 years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 105 West F Street, Fourth Floor, San Diego, California 92101.

On March 7, 2013 I served the following document(s):

1.  **Notice of Settlement**

[ X ] (By **ELECTRONIC FILING**) I served each of the above referenced document(s) by E-filing in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California which will send notification of such filing to the interested parties.


Erick A. Gressler, Esq.
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017-5855
Telephone:   213.629.2020
Facsimile:    213.612.2499
email: egressler@orrick.com
**Attorneys for Defendant James O'Keefe III**

Michael J. Madigan
ORRICK, HERRINGTON & SUTCLIFFE, LLP
1152 15th Street, N.W.
Washington, DC 20005
Telephone:   202.339.8523
Facsimile:    202.339.8500
email: mmadigan@orrick.com
**Attorneys for Defendant James O'Keefe III**

Christopher J. Hajec
Michael E. Rosman
CENTER FOR INDIVIDUAL RIGHTS
1233 Twentieth Street, N.W. Suite 300
Washington, D.C. 20036
Telephone:   202.833.8400
Facsimile:    202.833.8410
email: hajec@cir-usa.org
          rosman@cir-usa.org
**Attorneys for Defendant James O'Keefe III**

Benjamin Powell
Randy Seybold
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:    202.663.6000
Facsimile:    202.663.6363
email:  benjamin.powell@wilmerhale.com
        randy.seybold@wilmerhale.com
**Attorneys for Defendant Hannah Giles**

Charles V. Berwanger
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone:    619.696.6700
Facsilime:    619.696.7124
email:  cberwanger@gordonrees.com
**Attorneys for Defendant Hannah Giles**

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 7, 2013, in San Diego, California.

_____
Veronica Sanchez